JAMES S. PITTS, individually and as Administrator of the Estate of John S. Pitts, deceased, and FIDELITY & DEPOSIT COMPANY OF MARYLAND, a corporation, v. P. E. PITTS, H. H. PITTS, P. J. PITTS, a minor, by P. E. PITTS, his next friend, Herley Pitts, Kinsey Pitts, Irene Johnson and Lorene Maddox.

162 So. 708.
Division A.
Opinion Filed July 5, 1935.

364

*Carter & Pierce,* for Appellants;
*James H. Finch,* for Appellees.

DAVIS, J.—This is an appeal from a final decree of a court of chancery setting aside an order of distribution alleged to have been illegally and without jurisdiction made by the County Judge of Calhoun County sitting as a Court of Probate.

The decree appealed from vacated and set aside an order of the County Judge of Calhoun County entered on December 30, 1932, discharging one James S. Pitts as administrator of the estate of his son, John H. Pitts, deceased, and discharging the appellant, Fidelity & Deposit Company of Maryland, as surety on Pitts' administrator's bond. The Circuit Court's holding was that the County Judge's order was irregular, null and void as to the appellees, and that the administration of the estate of John H. Pitts, deceased, was thereby illegally declared to stand wound up by the

County Judge's order of discharge. So the ultimate effect was to reopen the estate of John H. Pitts, deceased, for further administration in the Court of the County Judge for final winding up and distribution according to law.*

Succinctly stated, the situation out of which this case arose was as follows: John H. Pitts was an American soldier who was killed in the World War in 1918. At the time of his death, he carried a U. S. War Risk Insurance Policy on his life in the sum of $10,000.00, in which was designated his mother, Kate Pitts, as beneficiary. The mother drew on the policy the monthly installments therein provided until the time of her death in 1932. On that date the commuted cash value of the policy was, under Federal law and regulations, the sum of $4,117.00.

Under Federal statutes, as construed by the U. S. Supreme Court in the case of Singleton v. Cheek, 284 U. S. 493, 52 Sup. Ct. Rep. 257, 76 L. Ed. 419, 81 A. L. R. 923, decided about the time this controversy originated, the commuted value of the policy, upon the death of the deceased soldier's beneficiary (his mother being so named in this case) became payable to the estate of the deceased soldier as of the time of the soldier's death, and not to the estate of the deceased's beneficiary, as of the time of the latter's death.

The County Judge of Calhoun County, who had granted letters of administration on the estate of John H. Pitts, deceased, to appellant, James S. Pitts, the soldier's father, with Fidelity & Deposit Company of Maryland as surety on

---

*All proceedings had in this case were conducted subject to the provisions of the statute law antedating the new 1933 Florida Probate Act, Chapter 16103, Acts 1933, which Act does not affect estates of decedents dying prior to October 1, 1933, as was the factual condition here.

his administrator's bond to enable the administrator to col-lect the policy from the government, conceived the law to be that the father, as the sole heir of the deceased desig-nated beneficiary (his wife), was entitled to have and en-joy the entire balance of $4,117.00 collected from the United States on his deceased son's War Risk Insurance Policy aforesaid. Accordingly he entertained a petition under Section 5589 C. G. L., 3724 R. G. S., and entered his order thereunder purporting to be in accordance with said Sec-tion,* declaring no administration to be necessary on the estate of John H. Pitts, deceased, and adjudging that James D. Pitts, the father of deceased soldier, was the sole and proper legal heir to his son's estate and entitled to receive the money due to it, without the necessity of administra-tion. Said order of the County Judge further adjudged and decreed that the estate of John H. Pitts be closed and that the surety on the administrator's bond be dis-charged from further liability on account of said ad-ministration.

The amended Federal statute of 1925 providing for the payment of the commuted value of a U. S. War Risk In-surance Policy to the estate of the insured (38 U. S.

---

*Section 5589 C. G. L., *supra,* reads as follows: "No administration shall be necessary upon any estate under the following circum-stances:

"1. Where there is a sole heir and the estate is not indebted;

"2. Where the estate is not indebted and there are several heirs who make division of the property amicably among them-selves;

"3. Where there is no property except the exempt homestead or exempt personal property;

"4. Where there are heirs consisting either of the husband or widow no administration shall be necessary in order to enable the husband or widow, as the case may be, to collect any moneys

C. A. 514) had immediately given rise to a diversity of opinion as to who was entitled to receive distribution of the proceeds of such a policy after the Government had paid it to the insured's estate. It was not until the U. S. Supreme Court decision in Singleton v. Cheeck, *supra,* that it was finally settled that the accrued fund vested in the estate of the insured, as of the time of the soldier's death, and that the heirs entitled to receive it after the death of a deceased soldier's named beneficiary, were to be determined as of the date of the death of the *soldier,* rather than as of the date of the death of the soldier's designated beneficiary.

It therefore appears that the County Judge's order of December 30, 1932, declaring the deceased soldier's father to be sole heir to his son's unpaid insurance was clearly contrary to the law as laid down in the U. S. Supreme Court decision above mentioned. According to the applicable Federal law and the facts of this case, such order should not have declared that the fund of $4,117.00 be distributed entirely to the father, as sole heir of the deceased beneficiary, but to the father as heir of his son with a right of participation by the appellees in that part of the deceased soldier's estate represented by the share of the deceased

in bank less than the amount of one thousand dollars nor to collect any debt, claim or demand, owing to the deceased, where the collection would not make the aggregate amount of personal property left by the deceased, including moneys in bank, exceed the sum of one thousand dollars. In every instance the persons seeking to avail themselves of this section shall procure from the county judge an order to be granted upon proof before him of the foregoing circumstances, which order shall adjudge the fact that no administration is necessary on the estate, and shall designate in said order the proper legal heirs, entitled to receive the estate without administration (Ch. 3434, March 5, 1883, Sec. 1; Ch. 9283, Acts 1923, Sec. 1).

son's estate descending to their deceased mother, Kate Pitts, as an heir of the deceased insured soldier at the time he (the soldier) died.

. So the question arises whether or not the County Judge's order, being at least erroneous on its face, is furthermore subject to collateral attack in a court of equity, especially in view of the constitutional jurisdiction and powers conferred on County Judges, as Judges of Probate, by Section 17, Article V of the State Constitution, to grant letters of administration and to discharge the duties usually pertaining to Courts of Probate.

Probate proceedings are proceedings *in rem,* the estate administered upon being considered the "rem." And where such proceedings have been instituted in accordance with a state statute and carried to a conclusion in the manner and according to the essential requirements of law as to actual or constructive notice pertaining to the same, the resultant adjudication is in general binding on the whole world, whether the judgment be erroneous or not as against attack on a direct appellate proceeding. Fiehe v. Householder Co., 98 Fla. 638, 125 Sou. Rep. 2; Cleaveland v. Draper, 194 Mass. 118, 80 N. E. Rep. 227; Torrey v. Bruner, 60 Fla. 365, 53 Sou. Rep. 337.

. A surety on an administrator's bond remains liable thereon until the lawful termination of the administration, unless sooner discharged from liability in some lawful manner. 24 C. J. 1068. So if the County Judge's order of December 30, 1932, discharging the Fidelity & Deposit Company of Maryland as surety on the administrator's bond of James S. Pitts, was, as asserted by the bill of complaint filed in the Court below, made by the Probate Court without jurisdiction, it is subject to being attacked and set aside as invalid in any appropriate proceedings brought and car-

ried on for that purpose in a court having jurisdiction superior to that of the Court of Probate, acquiring jurisdiction to proceed to that end against the affected parties to the invalid order.

While ordinarily the appropriate method of attack on an invalid order or judgment rendered by a court against a complaining party who was never legally bound in the court rendering the attacked judgment or order, is by certiorari instituted by him in a court of superior jurisdiction to have the invalid judgment or order brought up into the superior court and there quashed as not according to the essential requirements of law to become binding on the petitioners in certiorari (See: Deans v. Wilcoxon, 18 Fla. 531, cited with approval in State, *ex rel.* Landis, v. Crawford, 104 Fla. 440, 140 Sou. Rep. 33, text 335) the jurisdiction of the Circuit Court in probate matters in both appellate and supervisory (Section 11, Article V, State Constitution) of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors. Therefore in probate matters, an order of County Judge sitting as a Court of Probate, is subject to being attacked and set aside as invalid, either on direct appellate proceedings, or by certiorari, or by bill in equity as filed in this case, where the invalid order was made without jurisdiction in the Probate Court to enter such an order at the time it was actually entered, such as where the order was summarily entered without notice or hearing in a case where the statute required a notice and hearing, etc., to be observed before any such order was attempted to be made in a pending probate matter.*

---

*For the use of equitable proceedings in such cases see: Smith v. Smith, 210 Fed. 947; Glover v. Brown, 32 Idaho 426, 184 Pac. Rep. 649; Schmitz v. Martin, 149 Minn. 386, 183 N. W. Rep. 978; Boulton v. Scott, 3 N. J. L. 231.

In this controversy, it was made to appear in equitable proceedings that while the County Judge did have jurisdiction of the estate of John H. Pitts, deceased, and of James S. Pitts, the duly appointed administrator thereof, that he nevertheless made and entered on December 30, 1932, an illegal final order of court purporting to give his administrator and the surety on his administrator's bond, a *final* discharge, without compliance on the part of such administrator with either Chapter 11994, Acts 1925, Laws of Florida, as amended by Chapter 11994, Acts 1927, now Sections 5597-5598, C. G. L., or with Section 5555 C. G. L., 3690 R. G. S., compliance with both of which statutes is prerequisite to the jurisdiction of a County Judge to grant an order of *final* settlement and discharge of an administrator, where administration proceedings have once been duly begun and an administrator has been duly appointed and qualified to act as such.

Section 5589 C. G. L., 3724 R. G. S.,* providing for and authorizing the entry of declaratory orders of court dispensing with the necessity of having formal administration proceedings in certain cases, has no application to proceedings which have been already instituted as ordinary administration proceedings for the due administration of an estate through the usual probate proceedings contemplating the appointment, qualification, service and discharge of an administrator by due course of law according to the statutes governing administrators and executors, their duties, func-

---

*See House Bill No. 82, 1935 Session, approved May 17, 1935, entitled: "An Act relating to the Administration of Estates and providing upon what conditions no administration therein shall be necessary, and providing the conditions, procedure, cost and effect thereof," for current statute now controlling this subject which was left out of the 1933 Probate Act, Chapter 16103, Acts 1933.

tions, powers, liabilities and methods of discharge and final settlement of accounts of same after qualification and assumption of character as such.

The decree of the Circuit Court appealed from in this case was rendered in conformity with the principles of law laid down in this opinion, therefore such decree should be, and is hereby,

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.