Dr. J. W. Turner and American Surety Company of New York v. William E. Andrews, *non compos mentis*, by N. D. Wainwright, Jr., as Guardian.

196 So. 449
En Banc
Opinion Filed May 21, 1940
Rehearing Denied June 13, 1940

*Wm. E. Rivers,* for American Surety Company, and *H. S. Wilson,* for Dr. J. W. Turner, Petitioners;

*George W. Burke, T. Frank Landrum* and *Fielding & Duncan,* for Respondents.

Chapman, J.—This case comes to this Court on petition for a writ of certiorari. On October 19, 1939, the lower court made and entered an order overruling and denying motions of the defendants to dismiss an amended bill of complaint, and the said order, it is contended in this Court, is erroneous.

The amended bill of complaint alleged that William E. Andrews was *non compos mentis* and on January 23, 1939, Dr. J. W. Turner was appointed guardian for the person and estate of the incompetent and gave bond in the sum of $12,000.00 and the conditions of the bond are fully set forth

in the amended bill of complaint. On June 1, 1929, the guardian had in his possession $6,511.61, property of his ward, and shortly thereafter received the further sum of $1,200.42, making a total of $7,712.03 in the possession of the guardian on June 1, 1930, property of the ward. It is alleged that additional sums came into possession of the guardian until July 7, 1936, when the sum of approximately $20,000.00, property of the ward, was in possession of the guardian when he resigned the guardianship.

It is also alleged that the guardian failed and omitted to file as required by law a full and accurate account or accounts covering his acts and doings as guardian of the said ward from and after August 17, 1933, and that the reports of accounts filed prior thereto were irregular, illegal and not in conformity with the law, and on September 20, 1937, the County Judge of Levy County by order attempted to approve and confirm the alleged unlawful reports which did not reflect a true and correct accounting of the moneys of the ward going into the possession of the guardian, and the terms of the purported order were to release and discharge the bondsmen of the guardian and to discharge each of them from any and all liability as bondsmen, to the detriment and injury of the *non compos mentis* ward. The prayer of the amended bill is for an accounting.

The motion to dismiss contains a ground that there is no equity in the amended bill of complaint. We think the amended bill contains equity and there was no error committed on the part of the lower court in entering an order overruling and denying the motions of the defendants to dismiss. See Pitts v. Pitts, 120 Fla. 363, 162 So. 708; Firmin v. Sanborn, 119 Fla. 396, 161 So. 555. Courts are charged under the law with the duty and obligation of caring for infants and incompetents upon the theory that they are wards of the court.

The petition for a writ of certiorari is hereby quashed and the order appealed from is hereby affirmed.

TERRELL, C. J., WHITFIELD, P. J., BROWN and THOMAS, J. J., concur.

BUFORD, J., dissents.

BUFORD, J. (dissenting).—This is a collateral attack in the circuit court upon an order of the County Judge of Levy County on September 20, 1937, on final accounting of Dr. J. W. Turner, guardian, at which time the accounting was validated and confirmed; Dr. Turner absolved from any liability for the estate; the surety bond dissolved and the sureties exonerated of all liability thereunder.

On the authority of Lucy v. Deas, 59 Fla. 552, 52 So. 515, and Bemis v. Loftin, 127 Fla. 515, 173 So. 683, the judgment of the circuit court entered after denial of petitioner's motions to dismiss should be reversed.