Suit by Olive Polk against Cecil Polk and wife to set aside consent to appointment of guardian, removal of guardian, for an accounting, and other relief. From a decree dismissing the bill of complaint, the plaintiff appeals.
Affirmed.
On June 26, 1948, a bill of complaint was filed in the Circuit Court in and for Hardee County, Florida, in which bill the appellant Olive Polk stated that she was the wife of O.B. Polk, who owned real estate in the bill of complaint described, the same being the home place; that on December 27, 1947, O.B. Polk suffered a stroke of paralysis, thereby becoming incapacitated, and on January 12, 1948, the County Judge of Hardee County, Florida, upon a petition to him presented, declared O.B. Polk to be an incompetent person and appointed as Guardian of his person and property one of the defendants, namely, Cecil Polk, the other defendant being the wife of Cecil Polk.
She further stated that with said petition was presented an answer, waiver and consent to the appointment of Cecil Polk as *Page 151 
Guardian which paper bore her name and signature, but she asserted that the paper was presented to her as being merely a consent to the sale of citrus fruit, she not knowing that she was being made a party to any guardianship proceedings or agreeing to anyone being guardian for her husband, and saying that had she so known she would not have signed the paper, and had she known that a guardian had to be appointed for her husband, she would have contended for her own appointment.
She also alleged that as provided by Section 744.53, F.S.A., it was the duty of the Guardian within sixty days after his appointment to file with the County Judge a complete verified inventory of the real and personal estate of the incompetent, but that this he had failed and neglected to do, by reason of which she charged the Guardian, Cecil Polk, with a failure to discharge the duties of a guardian as provided by law.
She then stated that about the middle of January the defendant, Cecil Polk, and his wife, Margaret Polk, accompanied by their three children, moved into the dwelling of plaintiff and the incompetent, O.B. Polk, taking over complete control and supervision thereof, and that a course of conduct began then which culminated in the month of June in a brutal assault upon her by the defendant Margaret Polk, aided by the defendant Cecil Polk, and that they from thenceforth made life in her dwelling unbearable for her; that she tried to get help from the Sheriff of Hardee County at a time when the County Judge, being the only committing magistrate thereof was absent, and that when the County Judge returned to the County she, accompanied by her counsel, went before the County Judge, made a complaint about the assault and battery and requested the issuance of a warrant, which was refused by the County Judge, he telling her he would not issue the same unless told so to do by the State Attorney of the Tenth Judicial Circuit of the State of Florida, who resided in Hardee County, to whom she went, and was advised by him that whatever was done was up to the County Judge and he would not instruct him to do anything, and that by reason of all of the foregoing facts it was necessary for her to leave her dwelling house; that she was without funds with which to maintain and support herself and had no shelter under which to live, the defendants having invaded and occupied, and by their actions and conduct forced her to leave, her dwelling house, and that she could not get help from either the Sheriff or the County Judge or the State Attorney having jurisdiction in Hardee County, Florida.
The prayers of Olive Polk were that the Circuit Court in the exercise of its supervisory jurisdiction over the Court of the County Judge in guardianship matters declare her waiver, answer and consent to the appointment of Cecil Polk as Guardian to have been fraudulently obtained, that the Circuit Court order and direct the said County Judge to appoint Olive Polk, the wife of the incompetent, as his Guardian, that it further order Cecil Polk to forthwith render an accounting of his guardianship of O.B. Polk, that it order and direct the County Judge out of the assets of the guardianship estate of O.B. Polk to cause to be paid to her under appropriate order a sufficient amount of money to maintain and support her, that it enjoin and restrain the defendants from in anywise interfering with, molesting, bothering or committing assaults or assaults and batteries upon her, and restrain them from further occupying her dwelling house, and that pending a final determination of the equities of the cause a temporary restraining order be issued in that behalf.
Notice of hearing thereon having been given, temporary restraining order granting the relief against further assaults or assaults and batteries was entered by the Chancellor on June 30, 1948.
On August 10, 1948, motion to strike was filed by the defendants. On the same date motion to dissolve temporary restraining order was filed. On July 7, 1948, motion to dismiss was filed.
On October 4, 1948, order was filed dissolving the temporary restraining order and dismissing the bill of complaint. From this appeal was taken. On November 23, 1948, Assignments of Error were filed in which there was assigned as error the dissolution of the temporary restraining order *Page 152 
and the dismissal of plaintiff's bill of complaint.
Broadly speaking, the question for our consideration is whether the bill of complaint contains equity. The appellant contends that the Circuit Court should entertain this cause under the supervisory jurisdiction prescribed and provided in and by Article V, Section XI of the Florida Constitution, F.S.A. She further relies upon sub-section 3 of Section 744.06, F.S.A. Counsel quotes from Article V, Section XI of our Constitution as follows: "Supervision * * * of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the Legislature may provide." It is their contention that sub-section 3 of Section 744.06, F.S.A., is pertinent. They set it forth as follows:
"No court of equity shall be deprived of its inherent jurisdiction to appoint or to remove guardians or to require of them accountings of their trusts or to administer the estates of wards in cases in which equitable intervention is necessary forcomplete and adequate relief." (Italics supplied)
The case of Pitts v. Pitts, 120 Fla. 363, 162 So. 708, and other cases of similar import, including American Surety Co. v. Andrews, 152 Fla. 638, 12 So.2d 599, are stressed as authority for appellant's position. These cases and many others hold that an order of County Judge sitting as a court of probate may be "attacked and set aside as invalid, either on direct appellate proceedings, or by certiorari or by bill in equity as filed in this case, where the invalid order was made without jurisdictionin the probate court to enter such an order at the time it wasactually entered * * *." [120 Fla. 363, 162 So. 711] (Italics supplied.)
Counsel for appellant in his brief failed to include in his quotation from the Pitts v. Pitts case the concluding underscored portion. This omitted language is explanatory of the use of the words "invalid order" and indicates clearly that the jurisdiction of the Circuit Court may be invoked by a bill in equity only in those cases where the order was made by the probate judge without having jurisdiction of the subject matter or of the parties.
In the instant case it is not contended that the County Judge did not have jurisdiction to enter the orders which were entered by him. Consequently, our ruling in Crosby v. Burleson, 142 Fla. 443, 195 So. 202, 208, is controlling. In that case we stated:
"In the instant case the attempt is not to invoke supervision by the Circuit Court over the County Judge but the attempt is to have the Circuit Court take the matter of settlement of estates out of the hands of the County Judge and make the necessary orders and decrees regarding the settlement of the estates. Evenif concurrent jurisdiction existed, which we hold does not now exist, the County Judge's Court having assumed jurisdiction of the settlement of the estates of both the decedent testators, the Circuit Court should not attempt to oust that jurisdiction.
This principle is so well settled as to require citation of no authorities." (Italics supplied)
See also Ritch Co. et al. v. Bellamy, Administrator, 14 Fla. 537, page 542; Ex parte Sirmans, 94 Fla. 832, 116 So. 282; Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842; Ullendorff v. Brown, 156 Fla. 655, 24 So.2d 37; Williams v. Bullington,159 Fla. 618, 32 So.2d 273.
Section 744.06, sub-section 1, F.S.A., provides: "The County judge shall have jurisdiction over all matters pertaining to guardians and wards and to the management and the administration of the property of wards, regardless of the origin or cause of the incompetency of the ward." We have previously quoted sub-section 3 of the same statute which preserves to the equity court its inherent jurisdiction to appoint or remove guardians etc., in cases in which equitable intervention is necessary for complete and adequate relief.
This brings us to the question as to whether complete and adequate relief may be granted by the County Judge in the case now before the Court. It is our opinion that he may grant complete and adequate relief and that he has not as yet been requested so to do. The appellant *Page 153 
apparently entertains the view that she has asserted an independent subject for equitable jurisdiction in that she has alleged her waiver, answer and consent to the appointment of Cecil Polk as Guardian was fraudulently obtained.
It is elementary that one of the inherent equitable powers is the authority to relieve against fraud. However, the fraud concerning which she complains did not necessarily operate to her injury nor did it in any way affect the County Judge's jurisdiction. It was not necessary that she sign and file waiver, answer and consent to the appointment of anyone in order to invest the County Judge with jurisdiction. Neither was she — absent such waiver, answer and consent — entitled as a matter of right to the appointment as guardian of the person and property of her incompetent husband. Moreover, one of the grounds or reasons for removal of a guardian, as set forth in the statute Sec. 746.03, F.S.A., is "fraud in obtaining his appointment." Another reason stated therein is "failure to discharge his duties." It is clear that proper application to the County Judge should have been made for all of the relief sought by the appellant to which she may be entitled under the allegations of her bill.
She seeks relief to which she is not entitled by the invocation of jurisdiction of either the County Judge's Court or of the Circuit Court. We have reference to the prayer for an injunction the purpose of which is to enjoin the crime of simple assault and battery. We have repeatedly held that equity will not enjoin a crime. See Pompano Horse Club, Inc., v. State ex rel. Bryan,93 Fla. 415, 111 So. 801, 52 A.L.R. 51, and cases therein cited. Of course, the County Judge does not have the power to issue such an injunction. However, he has an effective method of protecting the appellant from actual mistreatment by the Guardian and his wife while they are in the home of the appellant and her husband by virtue of the appointment of Cecil Polk as Guardian of the person and property of the ward. The County Judge has the power of removal for failure to comply with any of his orders and he may exercise it in a proper case If appellant's assertions and fears are well founded the mere existence of such authority may have a salutary effect in that it might operate as a veritable "sword of Damocles."
It is our conclusion that the orders entered by the Chancellor from which this appeal was prosecuted, including the dismissal of the bill of complaint, should be and they are hereby affirmed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.