49 So.2d 517 (1950)
LARAMORE et al.
v.
LARAMORE et al.
Supreme Court of Florida, Division B.
December 22, 1950.
Rehearing Denied January 12, 1951.
Isler & Welch, Panama City, for appellant Wewahitchka State Bank and Bank of Blountstown.
John H. Carter, Jr., Marianna, for appellant Hartford Accident & Indemnity Co.
Marion B. Knight, Blountstown, for appellants Maggie Laramore, Marion B. Knight, Perry Lee McClellan, J.K. Musgrove, as administrator of the estate of Marvin L. Laramore, deceased, and Leon Durham.
C.R. Mathis, Panama City, for appellees.
SEBRING, Justice.
The appeal is from a decree of the Circuit Court of Calhoun County, setting aside an order of the County Judge entered in a probate proceeding.
Marvin L. Laramore died intestate on April 17, 1947, leaving an estate considerably in excess of the gross value of $2000, exclusive of any property which might have been claimed to be exempt under the constitution and statutes of the State of Florida. By agreement of his six surviving brothers and sisters, one L.K. Musgrove was appointed administrator of the estate. At the time of decedent's death there was on deposit to his account in the Bank of Blountstown the sum of $3024.60, and on deposit to his account in Wewahitchka State Bank the sum of $5364.97. Immediately after the *518 death of the decedent one Maggie Laramore, who had been living and cohabiting with the decedent prior to his death, drew a check against the account of Marvin Laramore in the Bank of Blountstown for the purpose of paying funeral expenses. This check in the sum of $720 was honored by the bank.
On May 4, 1947, several days after his appointment, the administrator published a notice to creditors to file claims against the estate. During the month of May the administrator paid debts of the estate totaling $366.64, with checks drawn against the decedent's account in the Bank of Blountstown; the checks being signed "Estate of Marvin L. Laramore by J.K. Musgrove Administrator." So far as the record discloses, the acts of the administrator in drawing these checks against the bank deposit which at all times remained in the name of the decedent was the only effort made by the administrator to take any of the assets of the estate into his possession.
On May 26, 1947, Maggie Laramore filed a sworn petition in the County Judge's Court, entitled "Petition for Final Distribution of Assets of Estate," alleging in the petition that she was the lawful widow and sole heir of the decedent; that the administrator had paid and discharged all claims filed against the estate; that the petitioner was willing to assume liability for payment of any indebtedness which might be lawfully filed against the estate; and that an order should be entered dissolving the administration proceedings, decreeing no administration of the estate to be necessary, and directing the administrator and all persons, firms or corporations indebted to the estate "to pay over and deliver to your petitioner as sole heir of said estate all funds and personal property, belonging to said estate and vesting title in your petitioner to all real property belonging to said estate." Attached to the petition as an exhibit was a marriage certificate issued by the Ordinary of Seminole County, Georgia, which showed on its face that one Marvin L. Laramore and one Maggie Johnson Laramore had been united in marriage before the Ordinary on April 6, 1947, eleven days before the death of the decedent.
At the same time that Maggie Laramore filed her petition the administrator filed with the County Judge a paper styled "Final Report of Administrator," wherein it was averred that the administrator "joins Maggie J. Laramore in the petition for distribution in closing of said estate, it being made to appear to your Administrator by said petition and exhibits that Maggie J. Laramore, is the sole heir of said estate according to the laws of Florida, and further administration is unnecessary * * * that all claims filed with him against said estate have been paid, and there is no outstanding indebtedness as far as is known by your administrator. That the sum of $2304.60 was deposited in the Bank to the credit of Marvin L. Laramore, deceased, which is the only assets belonging to said estate which have been delivered to your Administrator. That from said amount your Administrator has paid and discharged all indebtedness [in the amount of $366.64] leaving a balance in your Administrator's hands in the sum of $1937.96, which amount your Administrator is ready to pay over to the Petitioner upon order of this Court."
Based upon the petition and the "Final Report of Administrator" the County Judge entered an order, without notice, decreeing "that the administration proceedings heretofore filed herein is unnecessary and that an order of no-administration is hereby entered herein. That the administrator, J.K. Musgrove, be, and he is hereby discharged and relieved of all duties and responsibilities as said administrator, and upon payment of the amount of assets in his hands to the said Maggie J. Laramore, the said J.K. Musgrove as Administrator, and his bond is hereby fully relieved and discharged from further liability in connection with said estate. That the said Maggie J. Laramore is the sole heir, according to law, of said estate, and as such is entitled to all of the real and personal property belonging to said estate, and all persons, banks, firms and corporations be, and they are hereby authorized and directed to pay over to her all monies belonging to said estate, and to deliver unto her all personal property belonging to said *519 estate. And the title to all real property belonging to Marvin L. Laramore, deceased, be and the same is hereby vested in the said Maggie J. Laramore."
Within a few hours after the entry of this order Maggie J. Laramore procured a certified copy thereof which she exhibited to the Bank of Blountstown and the Wewahitchka State Bank; demanding of the banks that they pay to her the funds on deposit to the account of the decedent at the time of his death. In reliance upon the order the banks acceded to the demand; the Bank of Blountstown paying to Maggie J. Laramore the balance of $1937.96 remaining in the deposit after the payment of funeral expenses and claims filed against the estate, and the Wewahitchka State Bank paying over the sum of $6079.97 which represented a $5364.97 deposit in the bank to the account of the decedent at the time of his death and a subsequent deposit of $715.97 to the account of the decedent which Maggie J. Laramore had made by depositing a check drawn on the bank by one D.C. Simpson and made payable to the order of "Estate of Marvin L. Laramore, deceased."
After the entry of the order Maggie J. Laramore also took into her possession all other assets of the decedent, including certain real estate, all household furniture and effects, an automobile, some guns, an out-board motor, a boat and more than $2000 in cash. She also received from M.B. Knight the attorney for the administrator  who, incidentally, acted as the attorney for Maggie J. Laramore in preparing her petition and procuring the entry of the order of no-administration, and also acted as attorney for the banks in advising them that they were under a lawful duty to pay over the bank deposits to Maggie J. Laramore pursuant to the order  certain personal property and effects of the decedent which had come into his possession after the death of the decedent but which he had not delivered to the administrator.
Twelve days after Maggie J. Laramore had come into possession of the assets of the estate, the brothers and sisters of the decedent took an appeal from the order entered by the County Judge. Shortly thereafter they instituted the present suit in the Circuit Court of Calhoun County for the purpose of setting the order aside and of procuring a decree adjudicating that Maggie J. Laramore was not the lawful wife of the decedent at the time of his death and hence was not entitled to the assets of his estate; that the order of no-administration was not entered in accordance with law and consequently was void as against the plaintiffs; and that Maggie J. Laramore, the administrator, his surety, and all persons who were possessed of, or who had turned over to Maggie J. Laramore, any assets of the estate should be required to account therefor.
Answers were filed to the bill of complaint and evidence was submitted on the issues. At final hearing the chancellor entered a decree in which he made certain findings and adjudications as follows: (1) The evidence establishes that Maggie J. Laramore was neither the ceremonial nor common-law wife of Marvin L. Laramore at the time of his death and consequently was not entitled to take or share in the assets of his estate; (2) the statute law of the State providing for and authorizing the entry of declaratory orders of court dispensing with the necessity of having formal administration proceedings in certain cases, has no application to proceedings which have been already instituted as ordinary administration, nor do they apply to the estate involved in the present litigation for the reason that the gross value of the estate exclusive of exemptions is greater than $2000; (3) administration proceedings having been instituted with respect to the estate of the decedent and an administrator having been duly appointed and having qualified to act as such, compliance with the controlling statutes governing administration proceedings was necessary before the estate could be lawfully wound up and an order of discharge granted to the administrator; (4) the order of discharge having been summarily entered, without notice or hearing, in violation of statute, the order "was irregular, null and void" and was of no force and effect as against *520 the rights of the plaintiffs; therefore the order should be canceled and set aside and the administration proceedings should be reinstated and should proceed under the supervisory direction of the Circuit Court; (5) due to the fact that the order entered by the County Judge was void as to the plaintiffs, the Bank of Blountstown and the Wewahitchka State Bank were not entitled to rely upon said order as their authority for turning over the bank deposits in the name of the decedent to Maggie Laramore, and hence said banks should be required to restore such assets to the estate of the decedent; (6) the attorney for the administrator knew or should have known that the order of discharge was illegal and void and should be required to restore to the estate the assets of the decedent which he had turned over to Maggie Laramore pursuant to the order; (7) the administrator, J.K. Musgrove, was derelict in his duties in not taking into his possession all assets of the estate of the decedent and hence should be relieved of further duties in the administration of the estate; (8) the bond executed by the surety company on behalf of the administrator, J.K. Musgrove, should be reinstated and declared of full force and effect insofar as the administration of the estate by J.K. Musgrove is involved.
The defendants in the case have taken an appeal from this order.
After a study of the record we conclude that there was ample evidence to sustain the finding of the chancellor that Maggie J. Laramore was neither the ceremonial nor common law wife of the decedent; consequently the chancellor's findings on this issue will not be disturbed.
As to the legality of the order of discharge entered by the County Judge, the statute in force at the time of the death of the decedent provided "The county judge may dispense with administration upon the estate of any testate or intestate who died a resident of this state: (1) When the entire estate is exempt from the claims of creditors under the constitution and statutes of the State of Florida; or (2) When the estate is not indebted and does not, in the judgment of the county judge, exceed in the aggregate two thousand dollars in value, exclusive of property exempt under the constitution and statutes of the State of Florida, and there is a sole heir or surviving spouse, or the surviving spouse and all the heirs of such an estate agree upon the distribution of the estate, or the decedent died testate leaving an estate, and the legatees and devisees, and the widow, if any, agree upon the distribution of the estate after the probate of the will of the deceased." See Section 15, Chapter 22847, Laws of Florida 1945, F.S.A. § 735.04.
It is clear from the original petition filed by J.K. Musgrove seeking appointment as administrator, from the "Final Report of Administrator" filed by him, from the sworn petition filed by Maggie J. Laramore, from the order entered by the County Judge, and from all the evidence in the case with respect to the value of, and claims filed against, the estate, that the estate was one as to which the foregoing statute had no application and consequently that the estate was one requiring due and full administration in accordance with general statutes contemplating the appointment, qualification, service, and discharge of an administrator by due course of law and according to the statutes governing administrators and executors, their duties, functions, powers, liabilities and methods of discharge and the final settlement by the administrator of accounts of the estate after his qualification as administrator. See Pitts v. Pitts, 120 Fla. 363, 162 So. 708; Coral Gables First Nat. Bank v. Hart, 155 Fla. 482, 20 So.2d 647. Such being the case, the order of the County Judge, which was entered without the slightest semblance of compliance with applicable statutes as to notice of application for discharge and other statutes pertinent to intestate estates where administration proceedings had been begun, was invalid as to the true heirs and was subject to being set aside "in any appropriate proceedings brought and carried on for that purpose in a court having jurisdiction superior to that of the court of probate, and acquiring jurisdiction to proceed to that end against the affected parties to the invalid order." Pitts v. Pitts, supra [120 Fla. 363, 162 So. 711].
*521 The fact that the banks paid the proceeds of the deposits which were in the name of the decedent over to Maggie J. Laramore on the strength of the invalid order entered by the County Judge will not relieve the banks from the duty of accounting to the estate for the amounts improvidently and improperly paid. The banks had knowledge that their depositor, Marvin L. Laramore, was dead. This is evidenced by the fact that as to the Bank of Blountstown, it had honored checks drawn against the deposit which were signed "Estate of Marvin L. Laramore by J.K. Musgrove, Administrator", and that as to the Wewahitchka State Bank it had accepted a deposit to the Marvin L. Laramore account made by Maggie J. Laramore in the form of a check drawn by one D.C. Simpson and made payable to the order of "Estate Marvin L. Laramore, Deceased." Having knowledge of the death of the decedent, they were charged with notice of the law that upon his death his administrator became entitled to all his personal property for the purpose of paying legacies, debts, family allowance, estate and inheritance taxes, claims, charges and expenses of administration. Section 3, Chapter 22783, Laws of Florida 1945, F.S.A. § 733.01 et seq. Moreover, they were charged with notice of the limited application of the applicable statutes dispensing with the necessity for administration of estates in certain cases, and had actual knowledge, from the amount of funds of the decedent in their own hands at the time of his death (irrespective of other assets that the decedent might have owned at his death) that his estate was of the class and character that could not be summarily disposed of without compliance with the applicable statutes governing administration of estates where administration proceedings have been begun. The decree insofar as it requires the banks to account to the estate for the amounts improvidently and improperly paid by them to Maggie J. Laramore must therefore stand affirmed.
All other assignments raised by the appellants have been duly considered and are found to be without merit.
Accordingly, the decree appealed from should be affirmed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.