PEARSON, Judge.
Upon examination of the record of this appeal, prior to oral argument on the merits, the court sua sponte raised the question of jurisdiction. Thereupon the appeal was removed from the oral argument calendar and counsel were notified by order of the court’s question and the placing of the appeal upon the motion calendar for argument on the question of jurisdiction. We have determined after such argument that the order appealed is not a final one and therefore this court is without jurisdiction to consider this appeal.
The order in question was entered by the county judge in the exercise of his probate jurisdiction. It arose in the following, manner.
The appellee, City of North Miami, filed a claim in the estate of Thomas Noland. The executrix, appellant herein, filed an objection to the claim. A copy of the objection was sent by registered mail to the city. Thereafter suit was brought upon the claim and the executrix moved to dismiss the same upon the ground that the action was not brought within two months of the service of the objection to the claim.[1] After the motion to dismiss, but before the entry of an order thereon, the county judge entered an order extending the time for filing appropriate suit, action or proceedings upon the claim to which objection had been filed and served.[2] It is-from this order that the executrix appeals.
Inasmuch as this is an appeal' from an order of the county judge’s court pertaining to probate matters, this court’s-jurisdiction of appeals from that court is found in art. V, § 5(3), Fla.Const., 26-F.S.A.
“Appeals * * * from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, *
It will be noted that the constitution provides for appeals only from final orders or- *343 decrees.[3] Thus, is the order appealed from a final order? Proceedings in the probate of estates encompass a series of orders. Some of these, such as an order upon a petition to admit a will to probate, or an order determining a named person to be an heir, are immediately recognizable as final. An appeal by the adversely affected party would lie in the case of such orders within the 60 day period provided.[4] Certain other orders, such as an order directing the filing of an account are clearly interlocutory in nature and are thus not directly appealable although they may be assigned as error upon a later appeal. The finality of an order, such as the one with which we are here concerned, depends upon the party aggrieved, i. e., whether the order appealed finally determined the particular question .as to such party. The order upon the petition to extend the time for filing a ■claim, if it had been adverse to the claimant would have been a final determination •of his claimed rights against the estate. Therefore it would have been appealable. Upon the other hand since the order as ■entered was permissive only, in that it extended the time in which the claimant might proceed to sue upon its claimed rights against the estate, and since further proceedings in the probate court will be necessary,[5] the instant order was not final. The claim may or may not be established. All the orders of the county judge as they affect an individual claim may be reviewed hy the personal representative upon order to pay the claim against the estate. Such .an appeal may test several' aspects of the ■final order and will have an obvious advantage, over appeals at intermediate stages, in that it will tend to conserve the assets of the estate from possible depreciation by litigation.
The appeal is dismissed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. Section 733.18(2), Fla.Stat, F.S.A.

. Ibid.

.The pertinent portion of the former constitutional provision found in Article 5, § 11, read as follows: “ * * * and supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors, .and of such other matters as the Legislature may provide. * *
See Ellard v. Godwin, Fla.1955, 77 So.2d 617, and Pitts v. Pitts, 120 Fla. 363, 162 So. 708. Both cases were decided under the provision of the constitution of the State of Florida, last quoted, and prior to the amendment of Article 5 which created the District Court of Appeal.

. Rule 3.2(b), Florida Appellate Rules, 31 F.S.A."

. Sections 733.19, 733.20, Fla.Stat., F.S.A.