165 So.2d 449 (1964)
George Donehoo BAMBRICK, Appellant,
v.
Cecelia BAMBRICK, also known as Cecelia L. Bambrick and as Mary Cecelia Bambrick, and as Mary Cecelia Littman Bambrick, Individually and as the putative Guardian of the person and of the property of George Donehoo Bambrick, also known as George D. Bambrick, and also known as George Bambrick, et al., Appellees.
No. 3303.
District Court of Appeal of Florida. Second District.
May 29, 1964.
Rehearing Denied July 8, 1964.
*452 E.H. Wilkerson and Cecil H. Brown, of Sutton & Brown, Orlando, for appellant.
Z.D. Giles, Leesburg, for appellees Cecelia Bambrick, L.J. Littman, and Faye K. Littman.
Gordon G. Oldham, Jr., Leesburg, for appellee Mary E. Patrick.
Harry E. Gaylord, Eustis, for appellee Elmer D. Austin.
E.R. Mills, Jr., Ocala, for appellee Neal D. Huebsch.
J.H. Chumbley, St. Petersburg, for appellee Henry Esteva.
SMITH, Chief Judge.
The plaintiff-appellant's amended complaint in chancery was in two counts. Pursuant to motions of the several defendants, appellees here, the Chancellor entered an order dismissing Count I with prejudice; Count II was transferred to the law side of the court. This appeal ensued.
The plaintiff's complaint, as amended, was set out in 45 pages, with 21 additional pages of exhibits. We summarize the pertinent allegations of Count I as follows: Plaintiff, a resident of Lake County, voluntarily went to Pinellas County in February of 1960 to undergo treatment for an illness. In the month following, plaintiff's wife, one of the defendant-appellees here, filed a petition in the County Judge's Court in Pinellas County, requesting that the plaintiff be adjudged incompetent by reason of insanity. This petition for adjudication of incompetency stated that the address of the alleged incompetent, the appellant here, was Umatilla, Florida. In due course the court entered an order adjudging *453 the appellant incompetent, and on the same day his wife filed a petition for her appointment as guardian of the person and property of her incompetent husband. This petition alleged that the wife resides at Umatilla, Florida; that her husband formerly resided there; and that the property of the incompetent consisted of real estate of the value of $2,000 and personal property of the value of $1,000. Neither the residence nor the post office address of the incompetent was alleged in the petition. The court entered an order appointing the wife as guardian without requiring bond, and letters of guardianship were issued to her. In May of 1960 the plaintiff was discharged from the state hospital to which he had been committed, and in September the County Judge's Court entered an order restoring the plaintiff to competency and terminating the guardianship. None of the orders entered in the County Judge's Court made any findings or determinations as to the domicile or place of residence of the plaintiff.
The complaint herein alleged that at all times material here George Bambrick was a resident of Umatilla, in Lake County, Florida. The complaint then alleged that during the term of the guardianship various transactions took place involving property located in Lake County. One alleged transaction was that Bambrick and his wife were the purchasers under contract and in possession of certain real property, and that, instead of completing said purchase according to the contract, the guardian and certain other defendants fraudulently caused the title to said property to be taken in the name of Bambrick's father-in-law and mother-in-law. This transaction was neither reported to nor approved by the County Judge's Court. The complaint sought a decree setting aside that conveyance. In another alleged transaction the guardian conveyed real property owned by the incompetent, taking back as part of the consideration a mortgage that was made to certain of the defendants under a claim that these defendants owned a half interest in the property, even though the record title was in the incompetent. This transaction was reported to and approved by the County Judge's Court. The complaint prayed that this transaction be set aside. The complaint then alleged in numerous paragraphs that various items of personal property of the plaintiff were taken by the guardian and other defendants and never returned to him; that these transactions were neither reported to nor approved by the County Judge's Court; and that certain of the defendants fraudulently induced him to sign a receipt for his property, which receipt was filed in the guardianship proceedings, even though he in fact never received the same. The complaint further alleged that the entire guardianship proceedings were void because venue and jurisdiction for such guardianship proceedings was in Lake County, the place of residence of the incompetent, and not in Pinellas County. Count II of the amended complaint alleged fraud and conspiracy on the part of the defendants in connection with the same transactions alleged in Count I and it prayed for compensatory and punitive damages for the mistreatment of plaintiff and his property.
The trial court dismissed Count I of the amended complaint upon its determination that the County Judge's Court in Pinellas County had jurisdiction to appoint a guardian for the plaintiff under § 394.22(12) (i), Florida Statutes, F.S.A. From our review of Chapter 394, we conclude that the provisions of the cited statute are not applicable. In order to better understand this section, it should be noted that until the enactment of Chapter 59-42, Laws of Florida 1959, § 394.22 provided the procedure for the adjudication of persons mentally or physically incompetent. Until 1959, subsection (12) thereof related to temporary hospitalization of a person pending incompetency proceedings, and it authorized the court to commit a person against whom incompetency proceedings were pending to an approved hospital for observation and treatment for a period not to exceed three months. Such a commitment did not deprive the person *454 so confined of any of his civil rights. At the expiration of the period of confinement the proceedings could then continue  resulting either in adjudication of incompetency or discharge of the alleged incompetent. In the event of discharge, there was of course no adjudication of incompetency; and in either event, there were no special provisions in that subsection for the appointment of a guardian. By and through Chapter 59-42, Laws of Florida 1959, the Legislature amended and completely re-wrote subsection (12) of § 394.22, Florida Statutes, F.S.A. As so amended, this subsection now provides that, under a petition for examination to determine a person's mental competency, such person may only be adjudged temporarily incompetent and committed by the court to a hospital for care, treatment and observation for a period not to exceed six months. If at any time within that time the hospital determines that such person is mentally competent or that such person will not benefit from further hospitalization, the hospital may discharge the person, and notice thereof to the court constitutes a discharge of the incompetency and terminates the proceedings. On the other hand, if within that time the hospital certifies that the person is mentally incompetent, a further hearing is had by the court, in which event a judgment of incompetency may be entered. The order certifying the person for admission to the hospital creates a presumption of incompetency and suspends the person's civil rights; the certificate of discharge from the hospital automatically restores these rights.
With this background we turn our attention to paragraph (i) of said subsection (12). We note that this paragraph provides that after the entry and filing of an order certifying any person to a hospital, the court, upon application of any party, may appoint a temporary guardian of the property of such person; and that the general guardianship laws[1] shall apply to all subsequent proceedings therein. Upon the discharge of a person by the hospital, the temporary guardian is required to file his final account and upon approval of the same surrender the assets to the discharged person. This paragraph further provides that if such person previously certified for confinement and hospitalization as temporarily incompetent is thereafter adjudged incompetent, then a guardian of the person or property, or both, may be appointed for such adjudicated incompetent under the general guardianship laws, in which event the temporary guardian must file his final account and on approval surrender the assets to the guardian appointed under the general guardianship laws.
Section 394.22(1), Florida Statutes, F.S.A., permits the application by written petition to the County Judge of the County wherein the alleged incompetent resides or may be found for a judicial inquiry as to the mental or physical condition, or both, of the alleged incompetent. The plaintiff here was in Pinellas County at the time of the filing of the petition; therefore, the County Judge's Court of that County had jurisdiction to entertain the petition and enter the order of incompetency. Since the order here entered was an adjudication of incompetency, the provisions of subsection (12) of § 394.22, Florida Statutes, F.S.A., are not applicable. The provisions of that subsection are applicable only where the order entered is that such a person is adjudged only temporarily incompetent. Paragraph (i) of said subsection likewise provides only for the appointment of a temporary guardian of the property of a person found to be temporarily incompetent. The order appointing a guardian for Bambrick does not purport to be and could not have been a temporary guardianship order contemplated under that paragraph, because such a temporary guardian is appointed only for a person ordered temporarily hospitalized and confined pursuant to subsection (12); furthermore, any such temporary guardian may be appointed as temporary *455 guardian of the property of the person, whereas here the court appointed a guardian of the person and property. Thus, it may be seen that § 394.22(12) (i), Florida Statutes, F.S.A., did not vest the County Judge's Court of Pinellas County with the jurisdiction to appoint a guardian for this incompetent. However, the fact that the trial court gave an erroneous reason for dismissing Count I does not terminate our labors, because we must determine if the resulting dismissal was correct. If a trial court's order, judgment or decree is sustainable under any theory revealed by the record on appeal, it will be affirmed, notwithstanding that it may have been bottomed on an erroneous theory, an erroneous reason, or an erroneous ground. Savage v. State, Fla. App. 1963, 156 So.2d 566. Even though we have determined that the provisions of subsection (12) of § 394.22, Florida Statutes, F.S.A., are not applicable here, we again emphasize the fact that the County Judge of Pinellas County did have jurisdiction to determine that Bambrick was incompetent. Section 394.22(1), Florida Statutes, F.S.A., vests such jurisdiction in the County Judge of the County wherein the incompetent may be found. The record here shows that Bambrick was in Pinellas County at the time of the filing of the petition and at the time of the entry of the order adjudging him to be incompetent.
There remains, then, the question as to whether or not Count I of the amended complaint alleges facts showing that the County Judge's Court of Pinellas County was without jurisdiction to appoint a guardian for this incompetent. This question has been resolved for us by the decision of the Supreme Court in In Re Guardianship of Mickler, Fla. 1964, 163 So.2d 257, wherein it was held that jurisdiction (the power to act) to appoint a guardian of the person and property of an incompetent residing in the State of Florida was vested in both the County Judge's Court of the County in which the incompetent resided and in the County Judge's Court in the County in which the incompetent may be found. The Supreme Court there made it clear that where there is a contest over which of two such County Judges' Courts should appoint the guardian under the circumstances of that case, the question is not one of jurisdiction  but one of venue. Consonant with the Mickler decision, we conclude that the County Judge's Court of Pinellas County had jurisdiction under the provisions of Article V, § 7(3), Constitution of Florida, F.S.A., to appoint the guardian of the person and property of the incompetent, Bambrick, even though, under the provisions of § 744.11, Florida Statutes, F.S.A., the venue for the proceedings for appointment of the guardian was in Lake County, where the incompetent resides, and not in Pinellas County, where the incompetent was found. Bambrick's amended complaint, in its collateral attack upon the order appointing his guardian, sufficiently alleged improper venue only; it did not sufficiently allege lack of jurisdiction. Venue concerns the privilege of being accountable to a court in a particular location. The terms "venue" and "jurisdiction" may not be mixed or used synonymously; and since venue is a privilege, improper venue does not necessarily defeat the court's jurisdiction  its "power to act". In re Guardianship of Mickler, supra. The allegations of improper venue are insufficient to support the conclusion that the order appointing guardian, entered by the County Judge's Court in Pinellas County, was void.
In addition to an assault upon the order appointing guardian on the grounds of lack of jurisdiction and improper venue, Count I alleged numerous defects, errors and irregularities in the guardianship proceedings. For example, it was pointed out that the petition for the appointment of guardian failed to allege: (1) the place of residence and post office address of the incompetent; (2) the names and addresses of persons most closely related to the incompetent; and (3) when and where the adjudication of incompetency was made. It was further alleged that there was a failure to give notice to anyone other than *456 the wife  who was appointed as guardian, a failure to require a bond, and other similar failures to comply with the provisions of Chapter 744, Florida Statutes, F.S.A. These alleged errors and irregularities in the guardianship proceedings are not sufficient grounds to support a collateral attack upon the order appointing guardian.
Our finding that the County Judge's Court in Pinellas County had jurisdiction of the guardianship proceedings necessarily includes a determination that the court also had jurisdiction to enter the order authorizing the sale of the incompetent's real property located in Lake County. See §§ 745.05 et seq., Florida Statutes, F.S.A. Therefore, the plaintiff's allegations as to jurisdictional defects in that order are likewise insufficient to collaterally attack said transfer.
With regard to each of the foregoing matters, as to which we have found that the County Judge's Court of Pinellas County had jurisdiction, we have stated that the allegations of Bambrick's amended complaint are insufficient to collaterally attack the various orders entered in the guardianship proceedings. These judgments and orders of the County Judge's Court cannot be re-examined collaterally by a court of equity, except upon allegations of facts showing that the orders made were void for lack of jurisdiction of the County Judge's Court to enter such orders at the time they were actually entered. This "lack of jurisdiction" means the absence of initial jurisdiction over the subject matter or the person, or the failure to comply with statutory requirements which are deemed to be jurisdictional requisites to the power of the court to proceed further or to act pendente lite in a matter over which it has already acquired jurisdiction of the subject matter and of the parties. Where there are allegations of jurisdictional facts and a determination of such matters, then an erroneous decision in that regard is subject to review upon direct attack by appeal. But such erroneous decision does not render the judgment void; under those circumstances the judgment is conclusive when questioned by collateral attack. State ex rel. Campbell v. Chapman, 1941, 145 Fla. 647, 1 So.2d 278. On the other hand, when the record of the proceedings in the County Judge's Court does not disclose a determination of facts pertaining to the jurisdictional prerequisites, then its judgment may be attacked in any collateral proceedings by showing the absence of jurisdiction. Pitts v. Pitts, 1935, 120 Fla. 363, 162 So. 708; American Surety Co. of New York v. Andrews, 1943, 152 Fla. 638, 12 So.2d 599; Polk v. Polk, Fla. 1949, 41 So.2d 150. See also 34 C.J.S. Executors and Administrators § 579.[2]
Section 744.06(3), Florida Statutes, F.S.A.,[3] is nothing more than a re-affirmation of the inherent jurisdiction of a court of equity. It is clear that the Circuit Court of Lake County has jurisdiction to entertain that part of this action which involves the title to real property located in Lake County. Article V, § 6(3), Constitution of Florida. Contrariwise, the County Judge's Court of Pinellas County was and is without jurisdiction to determine the title to real property; and it has no jurisdiction in purely equitable actions. In re Lawrence's Estate, Fla. 1950, 45 So.2d 344; In re Brown's *457 Estate, Fla.App. 1961, 134 So.2d 290. A court of equity has jurisdiction in cases where, as here, the probate court cannot administer complete and adequate relief. See Wallace v. Luxmoore, 1946, 156 Fla. 725, 24 So.2d 302. A question of title to real property must be determined in the Circuit Court, irrespective of the fact that as an incident thereto the court determines the validity of proceedings in the County Judge's Court; however, such collateral inquiry into the regularity of the proceedings in the County Judge's Court will not be allowed except upon a showing of an entire absence of jurisdiction. Wilkins v. Deen Turpentine Co., 1922, 84 Fla. 457, 94 So. 508; Fiehe v. R.E. Householder Co., 1929, 98 Fla. 627, 652, 125 So. 2; Mitchell v. Bogue, 1940, 142 Fla. 787, 196 So. 306. A court of equity may, upon allegations of fraud, compel an accounting  even though the accounts have been approved by the County Judge's Court and the guardian has been discharged. Turner v. Andrews, 1940, 143 Fla. 88, 196 So. 449; Beck v. Barnett National Bank of Jacksonville, Fla.App. 1960, 117 So.2d 45; In re Nusbaum's Guardianship, 1943, 152 Fla. 31, 10 So.2d 661; American Surety Co. of New York v. Andrews, 1943, 152 Fla. 638, 12 So.2d 599; Krivitsky v. Nye, 1944, 155 Fla. 45, 19 So.2d 563.[4] A court of equity may set aside deeds made by a personal representative appointed by the probate court, in direct proceedings for that purpose alleging fraud. 34 C.J.S. Executors and Administrators, § 622c; see also the dictum in Fiehe v. R.E. Householder Co., supra, 98 Fla. at 670-671, 125 So. 2.
With the foregoing principles of law in mind, we conclude that a cause of action was stated by that part of Bambrick's amended complaint alleging that Bambrick and his wife were the purchasers under contract and in possession of certain real property; that instead of the guardian completing the purchase in accordance with the terms of the contract executed prior to the adjudication of incompetency, the guardian and her mother and father fraudulently caused the title to be taken in the names of the guardian's mother and father; and that this transaction was neither reported to nor approved by the County Judge's Court in Pinellas County.
As to the transaction concerning the sale by the guardian of the incompetent's real property, the amended complaint alleged bare conclusions of fraud, unsupported by statements of fact; therefore, the amended complaint failed to allege a cause of action as to that transaction.
With regard to that part of the amended complaint pertaining to Bambrick's personal property, we note that none of the alleged transfers or transactions were reported to or approved by the County Judge's Court. Therefore, the assault upon said transfers and transactions does not constitute an improper collateral attack upon the proceedings in the County Judge's Court. However, the allegations of fraud are not supported by statements of fact, and the amended complaint thus fails to allege a cause of action as to this matter.
With regard to that alleged transaction whereby the guardian conveyed real property owned by the incompetent and took back as part of the consideration a mortgage that was made to the defendants Littman, under a claim that said defendants owned a half interest in the property, when the record title was in the incompetent, the amended complaint stated a cause of action, in that it was shown that the order approving this mortgage was void for lack of jurisdiction in the County Judge's Court *458 to adjudicate the title to this real property situated in Lake County.
Summarizing our findings as to Count I of the amended complaint, we conclude that this count shows: (1) the County Judge's Court in Pinellas County had jurisdiction to adjudicate Bambrick incompetent; (2) the said County Judge's Court had jurisdiction to appoint the guardian and to authorize the sale of the incompetent's real property; (3) the allegations of improper venue, errors and irregularities in the County Judge's Court are insufficient to collaterally attack that court's orders; (4) the County Judge's Court did not have jurisdiction to declare the defendants Littman as owners of an interest in the real property sold by the guardian, and it did not have jurisdiction to approve the mortgage given to the Littmans as a part of the purchase price of said property; (5) a cause of action was stated as to the property which, although held by Bambrick and his wife under the contract to purchase, was fraudulently conveyed by deed to the defendants Littman; (6) the allegations of fraud concerning the sale of the parcel of real property, which sale was approved by the County Judge's Court, were insufficient to state a cause of action; (7) the allegations of fraud concerning the transfers of personal property were insufficient to state a cause of action; and (8) the allegations set forth as a basis for an accounting from the former guardian and her parents, the Littmans, are sufficient, but as to the remaining parties such allegations are insufficient to state a cause of action.
With reference to the matters referred to in items (1), (2) and (3) of the above paragraph, the court's dismissal with prejudice was proper, because the dismissal related to an inherent defect in the case shown by the facts alleged. See Hardee v. Gordon Thompson Chevrolet, Inc., Fla.App. 1963, 154 So.2d 174. The dismissal of that part of the amended complaint relating to items (4) and (5), supra, was erroneous. The dismissal of the amended complaint as it related to items (6) and (7) was proper; however, the insufficiency of the complaint here is the failure to allege necessary facts to state a cause of action, and the dismissal should have been without prejudice to the plaintiff to amend. As to item (8) the dismissal as to the former guardian and the Littmans was error; the dismissal as to the remaining defendants was proper, but the dismissal should have been without prejudice and with leave to amend.
In Count II of the amended complaint, the plaintiff alleged facts to the effect that certain of the defendants conspired to have him unlawfully adjudged incompetent in order that they might seize and take for their personal use and benefit his property of the approximate value of $90,000; and that such conduct on the part of these defendants was willful, wanton and malicious, causing the plaintiff mental, emotional and physical pain and suffering  for which the plaintiff claimed compensatory and punitive damages in the sum of $187,956.85. We agree that, standing alone, as this count did after the court dismissed Count I with prejudice, Count II was an action at law in which no equitable relief was sought. However, in view of our conclusions as to Count I, we believe the order transferring Count II to the law side of the court should be reversed in order that the court could again consider that count in the light of any amended complaint which the plaintiff might file. In view of the great length of this complaint and the fact that we have determined that substantial parts thereof do not and cannot state a cause of action, leave is granted to the court on remand to require the plaintiff to file an amended complaint in which the plaintiff can eliminate large parts of the complaint.
Affirmed in part and reversed in part.
KANNER, (Ret.), J., and SMITH, CULVER, Associate Judge, concur.
NOTES
[1] Ch. 744, Florida Statutes, F.S.A.
[2] The many decisions of the Supreme Court rendered prior to the effective date of revised Article V of the Constitution, adopted in 1956, pertaining to the question of supervisory jurisdiction of the Circuit Court of matters arising before the county judge in probate should now be read in the light of the fact that the revised Article adopted in 1956 eliminated both the supervisory and appellate jurisdiction of the circuit court over matters arising before the county judge in probate and vested in the district courts of appeal appellate jurisdiction only.
[3] "No court of equity shall be deprived of its inherent jurisdiction to appoint or to remove guardians or require of them accountings of their trusts or to administer the estates of wards in cases in which equitable intervention is necessary for complete and adequate relief."
[4] The cited decisions are not affected by the provisions of Rule 1.38(b), Florida Rules of Civil Procedure, 30 F.S.A., adopted in 1962. Nor does said rule have any hearing on the case at bar. The instant cause was initiated in 1961. Hence, we do not determine the effect, if any, of Rule 1.38(b) in the case at bar.