1. ADMINISTRATOR—NEGLIGENCE.
   Where an administrator fails to enter deficiency judgments in foreclosures brought by him, he is not liable personally for such deficiency, where the judgments would have been worthless.

2. SAME—NEGLIGENCE OF ATTORNEY.
   Where, in foreclosure, the attorney of the administrator made an error, the administrator is liable to the estate for the moneys paid by him to rectify errors.

3. SAME—MINGLING MONEY OF ESTATE.
   An administrator mingled the moneys of the estate with other moneys, and permitted the widow of the intestate to draw from the joint account running to her and him moneys which belonged to the estate, and was unable on making an accounting to separate the moneys. Held, that he was liable for any ensuing loss.

4. SAME—COMMISSIONS.
   Where an administrator is surcharged with a large amount because of his bad management of the estate, he should not be allowed commissions and costs.

In the matter of the judicial settlement of Robert Hayes, administrator of John Hayes. Objections to account of administrator.. Sustained.

A. J. Moore, for administrator.

D. C. Hayes, for Mary Ann Hayes.

Edwin C. Dusenbury, for objectors.

CHURCH, S. The objections to the account of the administrator were referred to a referee, who disallowed many of the items of the said account, and surcharged the administrator to a considerable extent. Notwithstanding that this report surcharges the administrator, the administrator asks to have the same approved. The contestants, on the other hand, contend that the referee should have further surcharged the administrator, and it is upon such objections that the questions in dispute arise.

Several of the objections seek to surcharge the administrator in consequence of his neglecting to procure the entry of a deficiency judgment in various foreclosure suits which were conducted by him. These objections may be considered as a whole.

Upon this point the rule has been very well stated by the referee: That while it is a prudent and proper thing for an administrator or executor to enter a deficiency judgment, and thus be prepared to take advantage of any assets that may come into the hands of the judgment debtor, yet the failure to enter such judgment does not prima facie entitle an executor to be surcharged with the amount of the same, but that the contestants should show that if it had been done there was a reasonable probability it would have resulted in collecting money which would have gone into the estate. The evidence not only does not show this, but, on the contrary, it is evident that the mortgagors in each instance were worthless, and that the entry of such deficiency judgments would not have resulted in any advantage to the estate. I think, therefore, that the referee's ruling on this question was correct.

The other objections urged to the account of the administrator turn upon the management of the estate by the attorney for the administrator, it being contended that this attorney made many errors in the management of the estate, which resulted· in great loss and expenditures to the estate, and that these mistakes of the attorney have been intensified by the administrator expending money of the estate to rectify the errors which had been made by his said attorney. An administrator exercises his own discretion in the attorney whom he employs to advise him or to take charge of matters of the estate, and it seems to me that, where this attorney makes a palpable bunder by which loss has been sustained by the estate, the executor is responsible therefor. He certainly is responsible where, in consequence of such blunder, he expends money of the estate to rectify the same.

It appears that on the foreclosure of the mortgage on property at 66 West Fifty-Fifth street, New York City, the attorney, in some way, .omitted to make one Brush a party defendant. This

resulted in great delay and inconvenience, and, finally, in order to quiet the title and to perfect the same, the administrator paid $300 to do so. It seems to me that the administrator should be surcharged with this sum.

Upon the payment of $145 to one Merritt, as commissions on the sale of property for $4,600, it is contended that the sum of $100 was paid over and above his commissions for extra services performed by Mr. Merritt. It appears that upon the foreclosure of this mortgage the attorney for the administrator had made a defective foreclosure by neglecting to notify a proper party interested, and the $100 was paid to Mr. Merritt owing to this neglect of Mr. Moore. I therefore think that the administrator should be surcharged with the expenditure of this sum.

It appears that this attorney, in the services which he rendered to the administrator in the settlement of the transfer tax against said estate, caused to be incorporated in the appraiser's report the sum of $500 as the costs of A. J. Moore, and that he contends that he is entitled to this amount of money for his fees. This amount has been disallowed by the referee. The said attorney also charged, in addition, for his general services, the sum of $1,600, making in all a charge of $2,100, for his services rendered to the administrator. This has been disallowed by the referee, and the sum of $1,500 fixed as a proper amount.

A careful inspection of the entire case shows that the attorney in this matter was either very neglectful or very ignorant in discharging his duties to the administrator, and yet he seems to ask for compensation at a very high rate for his services. It is difficult to tell how much of these services has been rendered in consequence of his own neglect, or how much of it was really and properly necessary; and in view of the fact that for the transfer tax proceedings, which is a comparatively small matter, this man endeavors to make a charge of $500, it is apparent that he values his services at a very much higher rate than a good lawyer, under the circumstances, would ordinarily charge his client; and that he endeavored to disguise this charge by incorporating a provision for its payment in the decree fixing the tax. It seems to me that in view of the entire conduct of this attorney, and in view of the large sums of money which he received from the foreclosures of the mortgages, in addition to the other litigation, for his general services to the estate he will be amply paid if he receives the sum of $500, including the fees on the transfer tax proceedings, and I will fix that sum in place of the $1,500 allowed by the referee for such compensation, and will surcharge the administrator with $1,000 therefor.

Subsequent to the argument of the motion to modify the referee's report, and when I was about ready to render my decision as above indicated, the parties had a further hearing before me upon evidence which had been newly discovered by the contestants. It appears that there was an account in the Brooklyn Trust Company, the bankbook of which, of John Hayes and Mary Hayes jointly, was in the custody of Robert Hayes, the administrator, for some period before the death of the testator. It appears that after the death of John Hayes there was deposited in said account the sum of $231.50, which was money

that had been collected from real estate and rentals. The administrator at first stated that this money was collected from Mr. Hayes' real estate, and subsequently modified his testimony by saying that it was collected from the real estate of both Mr. and Mrs. Hayes. It appears that Mr. Hayes had over 25 houses, and that Mrs. Hayes had but two, and, therefore, in the ordinary course of events, if it was from their joint lands the vast proportion of it was collected from the real estate of Mr. Hayes.

The administrator has made no attempt to account for this money which he has collected, and it is impossible for him at this time to say how much if any of it was collected from the property of Mrs. Hayes; but he admits that he did know at the time that the money was deposited, what proportion of it belonged to Mr. Hayes. It seems to me, under those circumstances, that the confusion, if any, which exists in regard to this matter was caused by the negligence of this administrator, and I shall therefore hold that this administrator should be surcharged with the amount of $231.50, with interest thereon from the date that it was drawn out by Mrs. Hayes.

This estate has certainly been very badly managed, and there have been other acts which it is unnecessary to comment upon and discuss.

It is apparent from the testimony of the administrator that he was aware from time to time of many of these mistakes made by his attorney. It seems to me, therefore, that when he is surcharged with this large amount, it would be improper to allow him the costs and referee's fees herein, and that they should be charged against him personally, and that he should not receive any commissions for his acts as such administrator. Let a decree be settled accordingly on notice.

Decreed accordingly.