In the Matter of the Estate of NATHAN HUTKOFF, Deceased.

Surrogate's Court, New York County, February 16, 1925.

**Executors and administrators — commissions — allowance of commissions discretionary with surrogate — executrix deposited funds of estate in her individual name in violation of Surrogate's Court Act, § 231 — negligent acts of executrix in management of estate, in which other executors acquiesced, preclude right of all executors to commissions — finding of referee as to commissions not conclusive as to award.**

The allowance of commissions is discretionary with the surrogate and he may deny compensation for misconduct or negligence on the part of executors. A finding of a referee upon the question of commissions is not conclusive as to their award.

Accordingly, an allowance of commissions will be denied executors, where it appears that the executrix, the most active of those designated, deposited the funds of the estate in her individual name in violation of the provisions of section 231 of the Surrogate's Court Act, that she was negligent in her management of the estate, and that the other executors apparently acquiesced in her conduct.

PROCEEDING for accounting involving allowance of commissions to executors.

*Lind, Pfeiffer & Crames* [*Alfred D. Lind* of counsel], for the executors.

*Diamond, Abrahams & Strauss* [*Jerome A. Strauss* and *George L. Livingston* of counsel], for the contestants.

*N. Taylor Phillips*, special guardian.

FOLEY, S.:

I see no reason to change my original determination in this matter denying commissions to all the executors. (*Matter of Hutkoff*, N. Y. L. J. Jan. 20, 1925.) The testimony before the referee discloses sufficient acts of negligence on the part of the most active executor, Bessie C. H. Goodman, to justify this conclusion. Moreover, the other executors appear to have acquiesced in her management of the estate. The question of an allowance of commissions is in the discretion of the surrogate. He may deny compensation where there has been misconduct or negligence. (*Matter of Rutledge*, 162 N. Y. 31; Jessup-Redf. Surr. Ct. [1925 ed.] 1627; *Matter of Hayes*, 40 Misc. 500.) Any finding of the referee bearing upon the question of commissions is not conclusive as to their award. It appears that the executrix, Mrs. Goodman, deposited the funds of the estate in her individual name in violation of the provisions of section 231 of the Surrogate's Court Act. This fact alone is sufficient to justify the denial of compensation. The statute requires that the funds of the estate should be deposited in the names of the executors as such, and makes the violation thereof a misdemeanor. This salutary rule earmarks the estate moneys, prevents the mingling of the personal funds of the executors with the estate funds and tends to avoid a diversion of the property of the beneficiaries.

Upon the reference much time was spent and expense to the estate caused by attempts to unravel these accounts and to explain various items therein, which would have been avoided if the bank account was properly and lawfully maintained. The executrix also sought to obtain commissions for herself as real estate agent for rents collected as executrix. These items were disallowed. She failed to account for interest earned on the estate funds deposited in her individual name. Moreover, the surcharges contained in the referee's report, both voluntary and compulsory, were substantial in amount. It is unnecessary to refer to the other facts in the record affecting the management of the estate, which justify my conclusion.

Submit order accordingly.