Argued March 24; modified April 14, 1931

In re Chandler's Estate
ELLMAN *v.* HAMMOND et al.
(297 P. 841)

*Dean H. Dickinson,* of Portland, for appellant.
*Earl C. Bronaugh,* of Portland (Bronaugh & Bronaugh, of Portland, on the brief), for respondents.

KELLY, J. The executrix contends that her account should not be surcharged with the items embezzled by, or which she paid to, her attorney.

■ Whether these items may be surcharged on her account depends upon whether the executrix acted in reference thereto within the scope of her powers, with good faith and ordinary prudence, that is, with the same prudence and discretion that a prudent person, under like circumstances, is accustomed to exercise in such person's own affairs: *Douglass v. Stephenson,* 75 Va. 747.

■ The necessity of employing agents and attorneys in the collection of assets involves the risk of loss to the estate by their misconduct, negligence or nonfeasance, and, if a loss be sustained from such cause, the executrix or administrator is not liable if he exercises due prudence in the selection of the agent or attorney, and his conduct is not otherwise negligent or improper.

In the case at bar, the executrix when of the age of approximately 13 years was employed in the household of Martin, the attorney in question, at Eugene. When Martin moved to Portland, he and his wife renewed their acquaintanceship with the executrix. After the death of decedent's wife, the executrix became decedent's housekeeper. Later, the executrix introduced Martin to the decedent. Another attorney had been acting for decedent and had possession of decedent's papers. Martin, however, drew the will, and the executrix selected Martin as her attorney instead of the attorney who had theretofore been so employed by decedent.

■ We cannot reconcile the course taken by the executrix in entirely failing to give any personal attention to that part of the assets of the estate not devised

to her, with the claim that she acted with ordinary prudence. A note of $300 known by executrix to be secured by a lien upon an auto truck was not listed in her inventory. The executrix made no investigation herself as to the value of the truck. She claims that she acted upon the advice of one of the objectors, and Martin. We think that an ordinarily prudent person would not have so acted.

■ The sale of the real property, other than that devised to the executrix, was made upon the petition of the executrix for the purpose of distributing the proceeds of such sale among the devisees. While we are not prepared to hold that the executrix, not being an attorney, should have known that this in itself does not constitute ground for sale of real property by an executrix, nevertheless, we think that in the exercise of ordinary prudence the executrix would have known that a distribution of the proceeds, if any was made, should be made by her. The executrix concerned herself not at all in that respect, but, on the other hand, claims that she relied on the statement of Martin that the court would make such a distribution.

The executrix signed the petition for the sale, made return to the court of the amount for which and to whom the property was sold, and also executed the deed to the property. In the exercise of ordinary prudence, the executrix would have known that the amount received for the property should be paid to her.

We are not unmindful of the authorities cited by the executrix wherein the courts have held an administrator or executor not accountable for the conversion of assets by his attorney. We have carefully read these authorities: *In re Webb's Estate,* 165 Pa. 330 (30 Atl. 827, 44 Am. St. Rep. 666) ; *In re Sharp's Estate,* 61 N. J. Eq. 601 (48 Atl. 327) ; *Calhoun's Estate,* 6 Watts

(Pa.) 185; *Christy v. McBride,* 2 Ill. 75 (1 Scam. 75); *McRoberts v. Carneal,* 44 S. W. 442, modified in 51 S. W. 800; *In re Bender's Estate,* 278 Pa. 199 (122 Atl. 283).

Without analyzing each case, suffice it to say that in some of them the executor or administrator selected the attorney regularly employed by the decedent, and not one but recently introduced by the executrix to the decedent; and in the others the court found that the executor had acted with ordinary prudence.

■■ The probate court was correct in surcharging the executrix's final account with the items received and not distributed and also with the amount paid Martin. As to the executrix's fee for administering, she is entitled to such fee, and also to an order allowing a reasonable attorney's fee in case she complies with the order of the court upon distribution and final settlement.

These items, namely attorney's and executrix's fees, should have been surcharged without prejudice to an allowance of executrix's and attorney's fees in case the executrix complies with the order of the court and fully administers said estate.

■ As to the provision of the order fixing a lien upon the portion of real property devised to executrix, we hold that this was beyond the authority of the probate court to decree.

In the case of *Stanley v. U. S. Bank,* 110 Or. 648, 656 (224 P. 835), speaking for this court, the late Mr. Justice McCourt said:

"While a probate court may take an account and determine the amount of the waste and misappropriation committed by an executor or administrator, it is not authorized to enter an effective decree declaring

that such executor has been divested of his title or interest as legatee or devisee to the remaining property of the estate as a consequence of his devastavit especially as against the lien of his judgment creditor. Nor can that result be accomplished by a probate sale of less than all the assets of the estate. A court of equity is the only tribunal having jurisdiction and power to grant the relief mentioned, and when, as in the instant suit, a case is presented calling for such relief, and incidentally involving the construction of a will, the determination of the amount of the devastavit by a probate court is not a prerequisite to the exercise of jurisdiction by a court of equity": *Wilkes v. Harper,* 1 N. Y. 586 (2 Barb. Ch. 338); *Connor v. Akin,* 34 Ill. App. 431.

It is ordered that this cause be remanded to the end that in conformity herewith, the probate court may modify its order, and take such further steps as in the premises are meet and proper.

It is further ordered that appellant recover from said estate her costs and disbursements on appeal.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.