The bill of complaint prayed for an accounting and a constructive trust, to declare null and void a lease, a stock purchase agreement, a partnership agreement between T.J. and Julia Galatis dated December 6, 1943, and for other relief. A motion to dismiss was granted without prejudice and the complainant appealed.
The point for determination is whether or not the allegations of the bill of complaint are such as to give a court of equity jurisdiction.
We think this question requires an affirmative answer.
The bill was filed against defendant individually and as administrator of the Estate of Julia Galatis. It may be that a portion of the relief sought could be procured in the Probate Court, but the allegations of the bill are ample to state a cause for equitable relief and it is apparent that if complainant can prove the case she alleges, equity will avail her a more complete, direct and adequate relief. When the complainant has the option to choose one of two alternative remedies, she should be permitted to pursue that which is most complete, adequate and expeditious.
The decree appealed from denied her this right. It is therefore reversed with directions to reinstate the bill of complaint and proceed accordingly.
Reversed with directions.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.