64 So.2d 662 (1953)
LARAMORE et al.
v.
LARAMORE et al.
Supreme Court of Florida, Special Division A.
April 10, 1953.
Rehearing Denied May 15, 1953.
*663 Marion B. Knight, Blountstown, for appellant J.K. Musgrove, administrator.
Charles S. Isler, Jr., Panama City, for appellants Bank of Blountstown and Wewahitchka State Bank.
John H. Carter, Jr., Marianna, for appellant Hartford Accident & Indemnity Co.
C.R. Mathis, Panama City, for appellees Laramore heirs.
R.S. Pierce, Marianna, for appellee administrator pendente lite.
SEBRING, Justice.
The heirs of one Marvin L. Laramore deceased, instituted suit in the Circuit Court of Calhoun County to set aside an order of the County Judge's Court of Calhoun County which had been entered without notice to the heirs, and which found and adjudicated that the administration proceedings which had been pending in the administration of the estate of Marvin J. Laramore, deceased, should be terminated and the administrator and his surety relieved and discharged of and from all liability in connection with the administration of the estate; that one Maggie J. Laramore was the widow and sole heir of the decedent and hence was entitled to all of the assets of the estate; and that all persons, firms and corporations having assets belonging to the estate should deliver the same to her.
Evidence was submitted on the issues made by an amended bill and answers filed by the defendants, and thereafter, on December 5, 1949, the Circuit Court of Calhoun County rendered a decree in which it was found and adjudicated that Maggie J. Laramore was not the widow of decedent; that the order terminating the administration and relieving the administrator and his surety from liability in connection with the administration of the estate had been entered in violation of law and hence should be set aside; that the administrator, J.K. Musgrove, had been derelict in his duty in administering the estate of the decedent in that he had failed to take into his possession the assets of the estate, and consequently should be relieved of his trust; that a successor administrator should be appointed to collect the assets and to continue the administration of the estate under *664 the direction of the court; that the bond executed by Musgrove and his surety should be reinstated and declared of full force and effect insofar as the administration of the estate by the original administrator was involved; and that the Bank of Blountstown and the Wewahitchka State Bank, two of the defendants who had turned over bank deposits of the decedent to Maggie J. Laramore on the strength of the void order entered by the county judge, should be required to account to the estate for the amounts so paid.
Upon appeal to this Court the decree entered by the circuit court was affirmed. See Laramore v. Laramore, Fla., 49 So.2d 517.
After the mandate of this Court went down, the Circuit Court of Calhoun County, upon petition of Ben F. Barnes, the new administrator, issued a rule directed to J.K. Musgrove, the original administrator, and his surety, Hartford Accident & Indemnity Company, requiring them to show cause why their liability should not be fixed and determined on the existing record in the cause; why the original administrator should not be required to account to the estate of the decedent for the value of the personal property lost to the estate because of his neglect of duty; and why a money judgment should not be entered against him and his surety for the value of said assets.
In response to the order to show cause the original administrator and his surety filed returns in which they set up defenses that the issue was res judicata; that the original administrator had acted upon advice of counsel in permitting Maggie J. Laramore to retain possession of the tangible personal property, and in joining in the petition filed in the county judge's court that enabled her to acquire possession of the intangible personal property of the estate of the decedent; and that the proximate cause of the loss to the estate was not the failure of the original administrator to take the assets of the decedent into his possession.
Before the circuit court had entered its ruling upon the order to show cause and the returns thereto, the defendants Bank of Blountstown and Wewahitchka State Bank filed their petitions in the cause, praying for the issuance of a rule nisi directed to the defendants Musgrove and his surety, and to the defendants Marion B. Knight and Maggie J. Laramore, requiring them to show cause why the liability of said defendants to the banks should not be determined in the pending suit and why a decree should not be entered requiring said defendants to reimburse the petitioners for the amount of the bank deposits in the name of the decedent at his death which had been improvidently paid by the banks to Maggie J. Laramore under the order of the county judge.
Subsequently, on January 25, 1952, the circuit court entered a decree upon the order to show cause, the return filed thereto by the original administrator and his surety, and the petition of the banks that they be allowed to litigate their claim in the pending proceedings. In the decree the circuit court denied the defenses presented by the returns and entered a decree in which it was found and adjudicated that the original administrator had been derelict in his duty in failing to take the assets of the estate into his possession; that because of such dereliction the estate had suffered losses for which Musgrove and his surety should be required to account; that a money judgment should be entered against Musgrove and his surety for the value of the assets lost to the estate as the result of such derelictions; and that as to the petition filed by the Bank of Blountstown and Wewahitchka State Bank for the issuance of a rule nisi, the issues presented thereby could not properly be determined in the pending cause and hence the petition should be denied, without prejudice to the rights of the petitioners to proceed anew in a different cause of action.
The defendants have taken an appeal from this 1952 decree and have submitted as grounds for reversal certain matters which will be hereinafter considered.
It is first contended by the appellants that the issue of the liability of the original administrator and his surety was decided by the first decree entered in the cause in 1949, and hence could not be relitigated in the proceeding instituted by the successor *665 administrator after the 1949 decree had been affirmed by this Court. In support of this contention the appellants point out that in the original proceeding in this cause the heirs, as plaintiffs, prayed for the entry of a money judgment against the original administrator and his surety for the amount of the loss sustained as a result of the mismanagement of the estate by said administrator, and that evidence was submitted on this issue; that despite the fact that this was an issue in the case, the circuit court, in the rendition of the 1949 decree, did not enter a money judgment against the administrator and his surety, but failed to do so, and that such failure amounted, in legal effect, to a denial of relief and hence the issue was res judicata.
We cannot agree with this contention. It appears from the record that the original bill was filed in this suit by the heirs of the decedent for the purpose of removing the administrator for mismanagement of the estate and of procuring an adjudication that Maggie J. Laramore was not the lawful wife of the decedent at the time of his death; that the order of no administration was not entered in accordance with law and consequently was void as against the plaintiffs; and that Maggie J. Laramore, the administrator, his surety, and all persons who were possessed of or who had turned over to Maggie J. Laramore any assets of the estate should be required to account therefor. See Laramore v. Laramore, Fla., 49 So.2d 517. The heirs had the right to bring such a suit pursuant to sections 734.11 and 734.13, Florida Statutes 1951, F.S.A., which prescribe that wasting or maladministration of an estate shall constitute grounds for removal of a personal representative, and that such a proceeding may be instituted by the heirs of the decedent. We are aware of the fact that section 734.12, Florida Statutes 1951, F.S.A., prescribes that petitions for removal of the personal representative must be made to the court from which the letters were issued, but the law in this jurisdiction is that where the allegations of a bill are ample to state a cause for equitable relief in the first instance, an aggrieved person is not confined to a remedy in the county judge's court in any particular but may obtain full relief in an equity proceeding. Plasman v. Roach, Fla., 43 So.2d 11; Wallace v. Luxmoore, 156 Fla. 725, 24 So.2d 302; Uhl v. Holbruner, 146 Fla. 133, 200 So. 359. If a court of equity once assumes jurisdiction in suit, it may retain jurisdiction for all purposes and complete the administration. Lewis State Bank v. Baker, 126 Fla. 477, 171 So. 319; Cobb v. Walker, 144 Fla. 600, 198 So. 324. See also 30 C.J.S., Equity, § 69, p. 422.
In the present suit the equity court assumed jurisdiction of the cause at the instance of the heirs of the decedent upon a bill of complaint that showed a case for equitable relief.
"The jurisdiction of the circuit court in probate matters is both appellate and supervisory (section 11, article 5, State Constitution [F.S.A.]) * * *. Therefore * * * an order of a county judge sitting as a court of probate is subject to being attacked and set aside as invalid, either on direct appellate proceedings * * * or by bill in equity * * * where the invalid order was made without jurisdiction * * * such as where the order was summarily entered without notice or hearing in a case where the statute required a notice and hearing * * *." Pitts v. Pitts, 120 Fla. 353, 162 So. 708, 711.
The heirs were therefore entitled to such relief against the defendants as the evidence would support and as the legal status of the contending parties would lawfully authorize or allow. These plaintiffs, upon the evidence submitted, were entitled to a vacation of the order of the county judge's court declaring further administration of the estate to be unnecessary; were entitled to have the administration proceedings reinstated, the original administrator removed for wasting and maladministration of the estate, and a new administrator appointed to collect the assets and wind up the estate; and were entitled to a decree requiring all parties having assets of the estate to account to the new administrator for the same. But we know of no theory of law under which the heirs would have been lawfully entitled to a money judgment in their favor *666 against the defendants, merely because they had prayed for a money judgment and because the administrator had wasted assets of the estate to which they might or might not ultimately be entitled upon final settlement of the estate by the new administrator. Section 733.01 et seq., Florida Statutes, F.S.A.; Sessions v. Willard, 126 Fla. 848, 172 So. 242. See also Sec. 289, Redfearn, Admin. of Est., 2nd ed.
Undoubtedly the circuit judge, in entering the 1949 decree, was aware of the extent to which relief might lawfully be granted to the heirs in their own right in a suit of this nature, and the fact that subsequent proceedings would have to be taken by the successor administrator of the estate for the purpose of reducing the assets of the estate to possession for the benefit of creditors and distributees. This is made plain by the fact that while the circuit judge properly found in the 1949 decree that the administrator had "failed to perform and was derelict in his duties, required by and under the law, * * * in not taking into his custody all of the property of said estate, making and filing inventory, etc. * * * [and consequently should be] relieved and discharged of further duties and responsibilities in the administration of said estate * * * [and should] turn over all assets of said estate in his custody, possession, or control, to the Administrator Pendente Lite herein appointed * * * [and that] the said bond executed by the Hartford Accident & Indemnity Company * * * is hereby reinstated and declared of full force and effect, insofar as the administration of the estate of Marvin L. Laramore, deceased, by J.K. Musgrove, is involved"; he also inserted in the decree the provision that "Jurisdiction of this cause and of all issues herein, which are not herein determined or adjudicated, and supervision of the administration of the estate of Marvin L. Laramore, deceased, by the Administrator Pendente Lite, and of the partition and the distribution of said estate among those entitled to receive the same and for the taxation of costs in these proceedings and for the purpose of enforcing the terms and provisions of this decree, is hereby retained."
We hold, therefore, that while the 1949 decree was final insofar as it adjudicated the issue as to the marital status of Maggie J. Laramore and the decedent, and insofar as it decided that Maggie J. Laramore was not entitled to any portion of the decedent's estate; that the order of the county judge was void; that the payments by the banks thereunder did not relieve them of their obligation to respond to the estate for moneys due and owing the decedent; and that the administrator had failed to perform his duties and hence should be removed and a new administrator appointed; nevertheless, the decree was not final or absolute as to the right of the court to entertain subsequent proceedings brought by the successor administrator for the purpose of reducing the assets of the estate to possession and of recovering a money judgment against the original administrator and his surety for losses sustained. Bancroft v. Allen, 138 Fla. 841, 190 So. 885.
The next question argued by the appellants is stated in their brief as follows: "When an administrator, with due care, retains an attorney to advise him concerning his duties and a loss results to the estate because he follows in good faith the legal advice given him by such attorney, is the administrator liable for the loss?"
In the support of the contention that no liability attaches under such circumstances the appellants quote the following from 21 Am.Jur., Executors and Administrators, Section 242:
"Measure of Diligence and Care. While executors and administrators must use diligence in the discharge of fiduciary obligations and must be prompt in action when circumstances demand, it is well settled that the measure of care and diligence which they are bound to bring to the management and closing of the estate is that which an ordinarily prudent man would exercise under like circumstances in his own affairs. They are required to exercise ordinary care, prudence, skill, and diligence, and are not bound to exercise any higher responsibility than that which is imposed upon any other *667 agent or trustee under like circumstances. They are not bound as insurers or guarantors."
They also quote from In re Sharp, 61 N.J. Eq. 601, 48 A. 327, Dodge v. Stickney, 62 N.H. 330, and 144 A.L.R. 876, to support the proposition that an administrator may not be held liable for a loss caused to the estate by acts or defaults of competent attorneys employed by him, if he uses reasonable care and prudence in the selection of such counsel.
We have no particular disagreement with the general rule that an administrator is not an insurer of the assets of an estate, and that he may, in some particulars, rely upon the advice of competent counsel. As the rule is stated in Dodge v. Stickney, supra, "If it is reasonably necessary for a trustee to employ agents or attorneys, and if he uses ordinary care in their selection, and a proper supervision over the business entrusted to them, he cannot be held liable for their indiscretion resulting without fault on his part." (Emphasis supplied.)
But like most legal principles, the rule is subject to certain qualifications, one of them being that even though an administrator may have used care in the selection of reputedly competent counsel, he may not surrender or delegate to the attorney all the functions and duties of the trust, or acquiesce in the complete management and control of the trust by the attorney without becoming liable to distributees for losses sustained thereby. Kaufman v. Kaufman, 292 Ky. 351, 166 S.W.2d 860, 144 A.L.R. 866; Dodge v. Stickney, supra; In re Chandler's Estate, 136 Or. 128, 297 P. 841. See also 33 C.J.S., Executors and Administrators, § 242, p. 1248. For the personal representative is under a duty to creditors and distributees not to delegate to others the doing of acts which the law requires him personally to perform. Schouler on Wills, Executors & Administrators, 6th ed., Section 2258. He cannot properly commit the entire administration of the trust to an agent or other person unless he is permitted to do so by the terms of the trust. Restatement of Law of Trusts, A.L.I., Section 171. From the foregoing it is clear that where the law places upon the personal representative the mandatory duty of collecting the assets and the debts due the estate, as does Section 733.01, Florida Statutes 1951, F.S.A., the advice of counsel will not relieve him from the exercise of active vigilance in the discharge of this responsibility, for he is bound, as a matter of law, to know his duty in this regard. See In re Belcher's Estate, 129 Misc. 218, 221 N.Y.S. 711; Scott v. Tuggle, 74 Mont. 476, 241 P. 229.
The record discloses that the original administrator did nothing toward taking any of the assets of the estate into his possession, although he knew that such assets were in existence in the form of tangible and intangible personal property in the hands of Maggie, her attorney, or the banks. He failed to file an inventory of the estate, as the law enjoined him to do. Section 733.04, F.S. 1951, F.S.A. He gave no notice of his intention to apply to the county judge for an order terminating the administration proceedings. Indeed, the only acts ever performed by Musgrove in connection with the estate, after signing the preliminary papers necessary for his appointment as administrator, were to publish notice to creditors; to draw a few checks signed "Estate of Marvin J. Laramore by J.K. Musgorve, administrator" on the account of the decedent in the Bank of Blountstown without troubling to have the account transferred to his name as administrator; and to sign at the instance of his attorney (who was known to him to be also acting as attorney for Maggie J. Laramore at the time of final distribution) what purported to be his final report, in which he joined Maggie in her petition to procure from the county judge an order that further administration of the estate was unnecessary.
Surely it cannot be said that under these circumstances the administrator, in the management of the estate, exercised the degree of prudence and vigilance imposed upon him by the law, and that he should be absolved from liability because he followed the advice of counsel. To say that the administrator exercised any management of the estate at all would seem to be a gross overstatement; for, as the evidence shows, *668 he did not in fact assume his duties as personal representative, except for the signing of a few checks and the placing of his signature upon the petition of Maggie J. Laramore, thereby enabling her wrongfully to acquire the bulk of the assets of the estate.
Such supine inaction on the part of the personal representative, no matter how well-intentioned or upon what advice, cannot operate to relieve a fiduciary, and his paid surety, from the results of gross inattention to the duties of his trust. Assuming the good faith of the personal representative in the matter  as indeed we do  the law must intervene somewhere to protect the rights of innocent beneficiaries from losses resulting from such utterly neglectful conduct.
We reject, therefore, the defense interposed by the administrator and his surety that because the administrator acted upon advice of counsel in respect to the administration of the estate he may not be held liable for losses to the estate.
The final contention urged by the administrator and his surety is that the failure of the administrator to take possession of the assets was not the proximate cause of the loss to the estate; the cause being, so assert the appellants, the administrator's act of obedience to the order of distribution entered by the county judge after the administration proceedings had been terminated.
As to this contention, we are inclined to share the view taken by the appellees, that that issue was set at rest by the 1949 decree which was affirmed by this Court in Laramore v. Laramore, supra. For in the 1949 decree the circuit court held, in removing the administrator from office, that he had utterly failed to discharge his trust and was derelict in his duties in not taking into his custody the assets of the estate; and it seems to us that such a holding was necessarily predicated upon the premise that the proximate cause of the loss of the property was the failure of the personal representative to take reasonable steps to reduce the property of the estate to possession after his appointment as administrator.
But even if this issue were not open for adjudication, we are of the opinion that the facts shown by the record will not support the position taken by the appellants. It is conceded by the appellants in their return to the rule to show cause that Maggie Laramore had possession of the tangible assets of the estate prior to May 26, 1947, the date of the entry of the order entered by the county judge declaring further administration proceedings to be unnecessary. At the time the administrator was appointed he had knowledge of the fact that Maggie was possessed of these assets and he had been requested by the rightful heirs to take them into his possession. He knew of the existence of the bank deposit in the Bank of Blountstown, as evidenced by the fact that within a short time after his appointment he had drawn funds from the account. Yet despite his knowledge of these assets no steps were ever taken by him to obtain the tangible personal property from Maggie Laramore or to have the bank deposit transferred to his account as administrator.
Had the administrator first reduced the assets of the estate to possession and thereafter upon advice of counsel had paid them over to Maggie J. Laramore, in pursuance of the county judge's order, there might at least be some semblance of merit to the contention that the loss was proximately caused by the fact that the administrator had obeyed the void order of the county judge and therefore should be absolved from liability  although even that conclusion would seem doubtful in view of the fact that the void order did not operate to relieve the banks from the consequences of their acts in obeying the order. However, the administrator did absolutely nothing toward reducing the assets of the decedent to possession. He never became possessed of any assets of the estate and hence had nothing to pay over or deliver to Maggie Laramore pursuant to the county judge's order directing "all persons * * * to pay over to *669 [Maggie J. Laramore] all moneys belonging to said estate, and to deliver unto her all personal property belonging to said estate." The fact that after the entry of the order he permitted Maggie Laramore to retain possession of property that was not hers but that became vested in the personal representative upon the death of the decedent was nothing more or less than a passive continuation on the part of the administrator of his failure to perform any duties pertaining to his trust, which began at the moment of his appointment and continued until his discharge. Therefore, it cannot be said that the administrator's conduct upon advice of counsel, in abiding by the order of distribution entered by the county judge, instead of his failure to use reasonable diligence to take the assets of the estate into his possession, was the proximate cause of the loss to the estate.
In the 1952 decree brought here on this appeal, it appears that the circuit court allowed interest at the legal rate on the principal amount of the judgment entered against the former administrator, but has provided that interest against the surety shall run only from the date execution against the former administrator may be returned nulla bona. By proper cross assignment of error, the successor administrator submits that interest against the surety should run from the same date as that fixed for the running of interest against the principal, even though the aggregate amount of principal and interest may amount to a sum in excess of the penalty of the bond.
We do not agree with the new administrator in this particular. The rule in this jurisdiction is that a surety will be charged with interest only from the date when the debt due by his principal should have been paid. An exception to the rule is that where by his neglect or misconduct the surety prolongs the payment beyond the date it should be made, interest may be collected against him by way of damages for the delay, even though the aggregate amount of principal and interest exceeds the penal sum of the bond. Sessions v. Willard, 126 Fla. 848, 172 So. 242; American Surety Co. of New York v. Gedney, 136 Fla. 10, 185 So. 844.
It was not until the entry of the 1952 decree in the proceeding brought by the successor administrator that a money judgment was entered against Musgrove and his surety in favor of the new administrator, who, under controlling law, was the only person lawfully entitled to such a judgment. Section 733.01 et seq., Florida Statutes, F.S.A.; Sessions v. Willard, supra. The surety is not bound to pay the judgment until the principal judgment debtor refuses to do so or until execution on the judgment is returned unsatisfied. For this reason, it was proper for the circuit court to fix the running of interest against the surety as of the date that execution on the judgment is returned against the principal debtor nulla bona. See Sessions v. Willard, supra.
The next cross assignment of error raises the question whether interest on the principal amount ultimately found to be due and owing by the administrator to the new administrator should have begun to run against the original administrator and his surety from the date of the entry of the 1949 decree or from some date prior thereto. It is suggested by the new administrator that the interest date should have been fixed either from the date of the entry of the void order by the county judge, the date of the institution of suit by the heirs, or the date upon which the heirs filed an amendment to their original bill of complaint, specifically alleging the negligent failure of the administrator to perform his duties and praying for a money judgment against him.
We find no real necessity for considering the question posed so far as it concerns the liability of the surety, for the record is clear that the principal amount of the secondary liability imposed upon the surety by the decree appealed from, and herein affirmed without the inclusion of interest, will exceed the penalty of the bond.
As to the liability of the original administrator, we are clear that insofar as the objections made by the appellees are concerned no error has been committed by *670 the circuit court in failing to provide for the running of interest prior to December 5, 1949, the date of the entry of the 1949 decree. Whether, indeed, the interest date should have been fixed as of January 25, 1952, the day of the entry of the money judgment in favor of the successor administrator, instead of as of the date of entry of the 1949 decree, is a question that has not been submitted and hence need not be decided.
The final question for consideration is that posed by the Bank of Blountstown and Wewahitchka State Bank that they should have been allowed in this proceeding to sue certain of the defendants and recover judgment for the losses sustained by them in paying out the bank deposits to Maggie J. Laramore under the void order of the county judge. After due consideration of this question we find that contention to be without merit.
The decree appealed from should be affirmed.
It is so ordered.
TERRELL, Acting C.J., and MATHEWS and BARNS, JJ., concur.