189 So.2d 507 (1966)
In re ESTATE of Barbara A. ROSENTHAL, Deceased.
LITTLE RIVER BANK & TRUST COMPANY, Appellant,
v.
Martha PESKIN, Appellee.
No. 65-1024.
District Court of Appeal of Florida. Third District.
August 9, 1966.
Rehearing Denied September 15, 1966.
*508 Shutts & Bowen and Cotton Howell, Miami, for appellant.
Simon, Hays & Grundwerg, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
HENDRY, Chief Judge.
Appellant-bank was the executor of the estate of Barbara A. Rosenthal. The appellee, one of the remaindermen of a residuary trust of that estate, filed objections to the accounting of the executor.
The facts, which are not in dispute and which were stipulated to, due to the absence of a court reporter during the hearing, revealed that the executor duly employed an attorney in connection with the administration of the estate. Among the assets of the estate was a residence which was sold resulting in a net sum of $11,716.98 for said estate. A representative of the Land Title Company prepared a check made payable to the order of the attorney for the estate of Bernard Rosenthal and Barbara A. Rosenthal in the amount of $11,716.98 and delivered said check to the attorney. The Land Title Company had handled the closing at the request of the attorney. The check was deposited by the attorney in his trust account on August 14, 1963. On the same day, the executor made several inquiries regarding the proceeds of the sale and thereafter made diligent effort to secure said proceeds which were embezzled by the attorney. The executor subsequently recovered $8,100.00 of said funds leaving a balance of $3,616.98. The attorney had handled the entire real property transaction on behalf of the executor. On September 5, 1963, the attorney was discharged by the executor. The attorney died on September 11, 1963.
Stipulated facts indicate further that the executor was not negligent in the employment of the attorney and that the embezzlement of the funds was solely the act of the attorney.
The county judge, in his order, determined that the executor as principal is responsible for the acts of its attorney as agent and ordered the executor to pay $3,616.98 into the estate bank account, said amount representing the shortage of funds caused by the embezzlement of its attorney.
The appellant contends that in the absence of negligence or wrongdoing on its part, an executor is not liable for embezzlement of funds by its attorney.
An executor stands in the position of a trustee holding the estate in trust for the heirs, distributees and creditors.[1] As such, the executor is required to act in good faith and with due prudence and diligence in the care and management of the estate.[2] However, an executor is not an insurer of the assets of an estate, and our Supreme Court has quoted without disagreement the rule stated in Dodge v. Stickney, 62 N.H. 330, that,
"If it is reasonably necessary for a trustee to employ agents or attorneys, and if he uses ordinary care in their selection, and a proper supervision over the business entrusted to them, he can not be liable *509 for their indiscretion resulting without fault on his part."[3]
In 2 Scott, Trusts, § 225.1 (2d ed. 1956) it is indicated that a trustee is at fault if he directed or permitted the doing of an act by his agent which, if done by the trustee, would constitute a breach of trust; or if he improperly delegates to an agent the performance of acts which he was under a duty personally to perform. He is also liable if he did not use reasonable care in the selection or retention of the agent; or if he failed to exercise proper supervision over the conduct of the agent; or if he unnecessarily entrusts money or securities of the trust or title deeds or other property to an agent, or permits the agent unnecessarily to retain the property.
As previously noted, it is not disputed that the executor was not negligent in the employment of the attorney and that the embezzlement of the funds was solely the act of the attorney.
The appellee, however, argues that it was an improper delegation to allow the attorney to handle the entire transaction and to receive the payment. In support thereof, the appellee directs our attention to the case of Laramore v. Laramore, supra, note 3, in which the court stated at page 667 that an administrator may not delegate to the attorney the entire administration of the trust without becoming liable to distributees for losses sustained thereby. In the Laramore case, the administrator claimed that he acted on the advice of counsel in not taking any of the assets of the estate into his possession. The court indicated in that case, that it would be a gross overstatement to say that the administrator exercised any management of the estate and that such supine inaction no matter how well-intentioned or upon what advice, can not operate to relieve a fiduciary from the results of gross inattention to the duties of his trust. The case of Kaufman v. Kaufman, 292 Ky. 351, 166 S.W.2d 860, 144 A.L.R. 866 (1942), is cited by the court in the Laramore case, supra, to stand for the rule that an administrator may not escape personal liability for losses sustained after delegating the entire administration of the trust to an attorney. In the Kaufman case, the Kentucky Court of Appeals noted at 166 S.W.2d 864 that,
"The negligence is not confined simply to the act of employing the attorney to collect the notes but in permitting him to assume exclusive control and retain the proceeds and other funds and then by reason of the administrator's supine inaction apply the money to his own use."
The appellee also cites the case of In Re Hartzell's Will, 43 Ill.App.2d 118, 192 N.E.2d 697 (1963) in which the trustee permitted his attorney to receive the funds from the sale of certain trust property. The attorney was permitted to retain the funds which were subsequently misappropriated. The Illinois Appellate Court, in In Re Hartzell's Will, after citing the Kaufman case, supra, concluded that a trustee who delegated to an attorney the single most important item in the trust, obtaining the unpaid balance of principal upon closing of sale of real estate, and who permitted the attorney to assume exclusive control of and retain trust funds and, by the trustee's supine inaction, to apply them to his own use and require no reasonable prompt accounting and settlement was liable for amount of loss resulting to the trust estate.
Justice O'Connell in In Re Lieber's Estate, Fla. 1958, 103 So.2d 192, 200, stated that, "There is nothing improper in a personal representative engaging attorneys or others to perform the services which he should perform." This, of course, does not mean that a personal representative may delegate to the attorney all the functions and duties of the trust without becoming liable for losses. However, we believe that it is proper and not a surrender *510 of all the functions and duties of the trust to allow an attorney to handle real estate transactions for the estate, and to collect the proceeds therefrom. There is no evidence to indicate inactivity by the executor in attempting to account for the funds. The facts are all to the contrary. The executor did not permit the attorney to retain the funds, but in spite of the executor's prompt action a loss was sustained.
We have therefore determined that the order of the county judge is contrary to the evidence and the law.
Accordingly, the order appealed is reversed.
Reversed.
PEARSON, Judge (dissenting).
The basis for my disagreement with the conclusion of the majority is that the opinion seems to hold that an attorney may not be an agent. The majority reaches its conclusion that the executor is not responsible for the loss of the funds of the estate by holding, in effect, that the attorney was an independent contractor who acted without direction from another. My conclusion (and the County Judge's conclusion) that the executor should be liable for the loss of the funds of the estate is based upon a holding that under the facts of this case the attorney was acting as the agent of the executor in collecting the proceeds of the sale.
The duty of the attorney in handling the sale did not necessarily include collecting and banking the proceeds for the locally resident executor. The court appointed, and fully compensated, personal representative of the deceased had a duty to either attend the sale and collect the proceeds,[1] or direct that the proceeds be paid to a safe depository. The executor did neither. It made no direction to the purchaser or its own agent and simply went looking for the proceeds several days later.
The view that an attorney, who is allowed to act in the place and stead of an executor, is the agent of the executor is reinforced by the decision in Laramore v. Laramore, Fla. 1953, 64 So.2d 662, 667. The court there held that, when the law places upon the personal representative the mandatory duty of collecting assets, the advice of counsel will not relieve him from the duty to exercise active vigilance.
I would affirm.
NOTES
[1] Dacus v. Blackwell, Fla. 1956, 90 So.2d 324; Whitfield v. Whitfield, 127 Fla. 74, 172 So. 711 (1937).
[2] In Re Wilson's Estate, Fla.App. 1959, 116 So.2d 440.
[3] Laramore v. Laramore, Fla. 1953, 64 So.2d 662, 667.
[1] Section 733.01, Fla. Stat. 1963, F.S.A. makes this a statutory duty. "The personal representative shall * * * take possession * * * of the proceeds arising from the sale * * *."