PEARSON, Judge
(dissenting).
The basis for my disagreement with the conclusion of the majority is that the opinion seems to hold that an attorney may not be an agent. The majority reaches its conclusion that the executor is not responsible for the loss of the funds of the estate by holding, in effect, that the attorney was an independent contractor who acted without direction from another. My conclusion (and the County Judge’s conclusion) that the executor should be liable for the loss of the funds of the estate is based upon a holding that under the facts of this case the attorney was acting as the agent of the executor in collecting the proceeds of the sale.
The duty of the attorney in handling the sale did not necessarily include collecting and banking the proceeds for the locally resident executor. The court appointed, and fully compensated, personal representative of the deceased had a duty to either attend the sale and collect the proceeds,[1] or direct that the proceeds be paid to a safe depository. The executor did neither. It made no direction to the purchaser or its own agent and simply went looking for the proceeds several days later.
The view that an attorney, who is allowed to act in the place and stead of an executor, is the agent of the executor is reinforced by the decision in Laramore v. Laramore, Fla.1953, 64 So.2d 662, 667. The court there held that, when the law places upon the personal representative the mandatory duty of collecting assets, the advice of counsel will not relieve him from the duty to exercise active vigilance.
I would affirm.

. Section 733.01, Fla.Stat.1963, F.S.A. makes this a statutory duty. “The personal representative shall * * * take possession * * * of the proceeds ariS' ing from the sale * *